LINCOLN BROOKS *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed November 1, 1897.*

1. SPECIAL ASSESSMENTS—*whether property is benefited, and to what extent, is for the jury.* Whether property specially assessed for an improvement is benefited thereby, and whether it is assessed more or less than its proportionate share of the cost thereof, are questions of fact for the jury.

2. SAME—*property lying at end of street improved is assessable if contiguous.* Property lying at the end of a street proposed to be improved, but contiguous thereto, is assessable for its proportionate share of the cost of the improvement.

3. SAME—*court may change assessment roll before final judgment.* By the provisions of section 33, article 9, of the City and Village act, (Rev. Stat. 1874, p. 236,) the court may, before final judgment, alter or change the assessment roll or cause it to be recast by the commissioners.

4. SAME—*denial of motion to recast assessment—when not error.* A motion by the owner of a block to recast a special assessment thereon, on the ground that he is the owner of the entire block whereas the property is assessed one-half in his name and one-half in the name of another party, may be denied, and the court may order the assessment to stand against the entire block in the name of the owner for the whole amount assessed against it.

APPEAL from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

MANN, HAYES & MILLER, for appellants.

JOHN D. ADAIR, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal prosecuted by certain land owners from a supplemental proceeding to levy a special assessment to pay the amount of compensation for property condemned for the opening of Prairie avenue from Gar-

field boulevard to Sixty-first street, in the city of Chicago. The compensation allowed by a jury was $78,567. This supplemental proceeding was had, and upon trial, upon objections filed, the jury having viewed the premises assessed, the assessment as spread by the commissioners appointed by the court was confirmed. The block between Sixty-third and Sixty-fifth street was in this proceeding assessed at $2728.70, and is the only property involved in this appeal

J. O. Armour and others filed objections, and in the schedule attached it is stated that J. O. Armour is the owner of blocks 8, 9, 10 and 11, in Seymour's estate subdivision, etc. In the assessment block 8 and the north half of block 9 are placed as owned by the Standard Oil Company, whilst in the same roll blocks 10 and 11, and the south half of block 9, are placed as owned by J. O. Armour. The latter is the only appellant here who filed objections. Counsel for objectors interposed a motion to recast the assessment roll as to block 9 for the following reasons: First, the assessment roll makes assessment on the north 233.03 feet of block 9, $291.25; also except north 233.03 feet of block 9, $496.25; that such description is not a legal description, but an arbitrary one, and without foundation in fact; and second, the assessment of said premises is arbitrary, unjust and illegal. An affidavit was filed in support of this motion by J. O. Armour, which states he is the owner of block 9 and it had never been subdivided. The motion was overruled, and on motion of petitioner the assessment was ordered to stand as to the whole of block 9 in the sum of $711, which was $1.10 less than the assessment made against the two parts thereof on the roll. Appellants contend that in overruling the motion to recast the assessment of a portion of the property in question by reason of an arbitrary subdivision thereof, the court erred; also, the action of the court in recasting the roll and changing the assessment against the objection of appellants was error.

On appellants' contention the court ordered the assessment made against the two parts of the block to stand as to the whole block, and, Armour owning the whole block, no injury resulted, and the assessment as confirmed was not error, nor was it a recasting of the assessment roll. Under section 147 of chapter 24 "the court * * * shall have authority, at any time before final judgment, to * * * alter or change any assessment returned, as aforesaid, or cause any such assessment to be recast by the same commissioners," etc. The action of the court did not prejudice the owner, and he is in no situation to complain. *Schemick* v. *City of Chicago*, 151 Ill. 336.

The only question before the jury was whether the property was benefited by the proposed improvement, and if so, was it benefited more or less than the assessment, or was it assessed more or less than its proportionate share. This was a question of fact, and the evidence clearly warranted the verdict of the jury. In addition to this they viewed the premises, and we find nothing in this record to show the verdict was not correct.

Whilst an assessment should be just and the benefits flow directly therefrom, the fact that this property lies contiguous but at one end of the street proposed to be opened, does not render it non-assessable. Nor is it necessary that the street shall be of a particular length. *Rich* v. *City of Chicago*, 152 Ill. 18; *Kelly* v. *City of Chicago*, 148 id. 90; *Louisville and Nashville Railroad Co.* v. *City of East St. Louis*, 134 id. 656.

No objection is attempted to be pointed out in giving or refusing instructions, and from the facts in this record the judgment must be affirmed.        *Judgment affirmed.*