THE STATE, EX REL. HOME CARE PHARMACY, INC., ET AL., *v.* CREASY, DIR., ET AL.

[Cite as State, ex rel. Home Care Pharmacy, Inc., v. Creasy (1981), 67 Ohio St. 2d 342.]

(No. 80-1740—Decided July 22, 1981.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. James H. Hedden* and *Mr. Eric R. Gilbertson,* for relators.

*Mr. William J. Brown,* attorney general, *Mr. David H. Beaver, Ms. Karen L. Nowak* and *Mr. Thomas V. Martin,* for respondents.

*Per Curiam.* While relators' complaint raises the issue of claims remaining unpaid from the prior fiscal crisis, no evidence has been provided to this court which supports a finding that any claims remain unpaid.

Essentially, relators argue since the prioritizing practice resulted in delayed payments during the prior fiscal crisis, that its implementation now, or in the future, will again result in delayed payments. Relators request issuance of a writ of mandamus requiring respondents to comply with Section 1396a (a)(37), Title 42, U. S. Code, and 42 C.F.R. 447.45(d), to insure that payments will not be delayed in the future.

Clearly relators request prospective relief. Mandamus will not lie to remedy the anticipated nonperformance of a duty. "***The function of mandamus is to compel the perfor-

mance of a present existing duty as to which there is a default. It is not granted to take effect prospectively, and it contemplates the performance of an act which is incumbent on the respondent when the application for a writ is made." *State, ex rel. Federal Homes Properties, Inc.,* v. *Singer* (1967), 9 Ohio St. 2d 95, 96.

We find no present injury exists. Therefore, the writ relators request would do nothing more than order respondents to comply with an existing statute. It is well-established that "a writ of mandamus will not issue to compel the observance of law***." *State, ex rel. Kay,* v. *Fuerst* (1951), 156 Ohio St. 188.

Relators further request that a writ of mandamus issue to compel respondents to pay interest on all claims that were delayed as a result of the last fiscal crisis. Relators contend they are entitled to this relief under the provisions of R. C. 2743.18(A). We disagree. This statute is part of the Court of Claims Act and is applicable only to actions brought in the Court of Claims. Therefore, " '[i]n the absence of a statute requiring it***interest cannot be adjudged against the state for delay in the payment of money.' " *Lewis* v. *Benson* (1979), 60 Ohio St. 2d 66, 67, quoting from the fourth paragraph of the syllabus in *State, ex rel. Parrott,* v. *Board of Public Works* (1881), 36 Ohio St. 409.

For the foregoing reasons, relators' request for the issuance of a writ of mandamus is denied.[2]

*Writ denied.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

[2] In view of our holding, we need not address relators' request to certify this cause as a class action.