PETITION FOR WRIT OF MANDAMUS JOURNAL ENTRY AND OPINION
On June 15, 2001, the relator, Henry Hall, commenced this mandamus action against the respondents, the State of Ohio and Judge Anthony O. Calabrese, Jr., to compel the deletion of the word mandatory from the sentencing journal entry in the underlying case, State of Ohio v. HenryHall, Cuayhoga Common Pleas Court Case No. Cr. 319360. He also seeks to reinstate his motion to withdraw guilty plea, to remove Judge Calabrese from his case, and to order the clerk to mail each decision to him. On July 16, 2001, the respondents moved for summary judgment. Mr. Hall moved to file a supplemental affidavit and submitted a brief in opposition to the summary judgment motion. For the following reasons this court grants the motion for summary judgment and denies the writ.
First, Mr. Hall's pleadings are fatally deficient. The petition is defective because it is improperly captioned. Mr. Hall styled this petition as "Henry Hall v. State of Ohio/Judge Anthony O. Calabrese, Jr." R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ. Maloney v. Court of Common Pleasof Allen County (1962), 173 Ohio St. 226, 181 N.E.2d 270. Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent. The uncertainty is highlighted in this case because it seems that Mr. Hall is asking relief from the clerk of courts, not just the judge. This court has held that this deficiency alone also warrants dismissal. State ex rel. Larry Calloway v. Court ofCommon Pleas of Cuyahoga County (Feb. 27, 1997), Cuyahoga App. No. 71699, unreported; State ex rel. Samuels v. Municipal Court (Nov. 22, 1994), Cuyahoga App. No. 67762, unreported; and State ex rel. White v.Villanueva (Oct. 6, 1993), Cuyahoga App. No. 66009, unreported.
Mr. Hall also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10(A). This may also be grounds for dismissing the action. State ex rel. Sherrills v. State
(2001), 91 Ohio St.3d 133, 742 N.E.2d 651.
He has failed to comply with R.C. 2969.25, which requires an affidavit that describes each civil action or appeal filed by the relator within the previous five years in any state or federal court. His poverty affidavit is also deficient because it does not include a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C)(1). Mr. Hall's failure to comply with R.C. 2969.25
warrants dismissal of the mandamus action. State ex rel. Zanders v. OhioParole Board (1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel.Alford v. Winters (1997), 80 Ohio St.3d 225, 685 N.E.2d 1242.
Mr. Hall also fails to establish a claim for mandamus. In March 1995, in the underlying case, Mr. Hall reached a plea agreement with the state under which he would plead guilty to felonious assault and accept a sentence of eight to fifteen years and the state would delete the firearm and peace officer specifications. During the plea hearing, the judge asked him whether or not he understood that the sentence would be mandatory and non-probationable, and Mr. Hall answered, "Yes." The journal entry included the language "Mandatory time 8 years/agreed sentence."
When the parole board in 2000 denied him parole because of the mandatory eight years provision in the sentence, Mr. Hall claimed that he had just agreed to an eight-to-fifteen year sentence, not that he would serve a mandatory minimum eight years. Accordingly, on April 2, 2001, he moved to withdraw his guilty plea, and the trial court denied that motion on April 9, 2001. Now, Mr. Hall has filed this mandamus action to compel the journal entry "to speak the truth" that there was no mandatory minimum time, and for other relief.
The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. State ex rel. Ney V. Niehaus (1987), 33 Ohio St.3d 118,515 N.E.2d 914. Furthermore, mandamus is not a substitute for appeal.State ex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176,631 N.E.2d 119; State ex rel. Daggett v. Gessman (1973), 34 Ohio St.2d 55,295 N.E.2d 659; and State ex rel. Pressley v. Industrial Commission ofOhio (1967), 11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. State ex rel. Tommie Jerninghanv. Judge Patricia Gaughan (Sept. 26, 1994), Cuyahoga App. No. 67787, unreported. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. Stateex rel. Tran v. McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108 andState ex rel. Boardwalk Shopping Center, Inc. v. Court of Appeals forCuyahoga County (1990), 56 Ohio St.3d 33, 564 N.E.2d 86.
Mr. Hall had an adequate remedy through appeal to contest whether the plea agreement included a mandatory minimum term, through either the appeal of sentence or the appeal of the denial of the motion to withdraw the guilty plea. The existence of that. adequate remedy now precludes mandamus. Similarly, there is no duty to reinstate the motion to withdraw guilty plea. Mr. Hall presented it to the trial judge who denied it, and any further litigation of the matter should have been pursued through appeal. Additionally, there is no duty to issue findings of fact and conclusions of law for a motion to withdraw guilty plea. State ex rel.Sneed v. Judge Nancy Russo (Sept. 27, 2000), Cuyahoga App. No. 78441, unreported and State ex rel. Williams v. Judge Frank D. Celebrezze, Jr. (July 22, 1996), Cuyahoga App. No. 70530, unreported.
Mr. Hall also seeks to remove Judge Calabrese from the underlying case. However, R.C. 2701.03 is the proper means of pursuing that, not mandamus.
Finally, Mr. Hall seeks to compel the clerk of courts to mail him copies of each decision. However, he failed to name the clerk as a respondent in this case. Thus, such relief is precluded. Moreover, mandamus will not lie to remedy the anticipated nonperformance of a duty. State ex rel. Home Care Pharmacy, Inc. v. Creasy (1981),67 Ohio St.2d 342, 423 N.E.2d 482.
Accordingly, the motion for summary judgment is granted, and this court denies the application for a writ mandamus. Costs assessed against relator. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 __________________________ PATRICIA ANN BLACKMAN, J.:
ANNE L. KILBANE, J., and TERRENCE O'DONNELL, J., CONCUR.