[Cite as *State ex rel. E. Cleveland v. Norton*, 2013-Ohio-3723.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98772**

# STATE OF OHIO, EX REL., CITY OF EAST CLEVELAND, OHIO, ET AL.

RELATORS

vs.

# GARY NORTON, MAYOR, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion Nos. 464138 and 464139
Order No. 466691

**RELEASE DATE:** August 27, 2013

**FOR RELATORS**

**For city of East Cleveland**

Darryl E. Pittman
Pittman Alexander Attorneys
2490 Lee Boulevard
Suite 115
Cleveland Hts., Ohio 44118

Michael Aten
Westgate Towers, Suite 501
20525 Center Ridge Road
Rocky River, Ohio 44116

**For Mansell Baker and Nathaniel Martin**

Michael Aten
Westgate Towers, Suite 501
20525 Center Ridge Road
Rocky River, Ohio 44116

**For Dr. Joy Jordan**, **Chantelle Lewis, and Barbara Thomas**

Darryl E. Pittman
Pittman Alexander Attorneys
2490 Lee Boulevard
Suite 115
Cleveland Hts., Ohio 44118

**ATTORNEYS FOR RESPONDENTS**

**For Gary Norton, Mayor, and
Irene Crowell, Director of Finance**

Hilary S. Taylor
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio 44114

**For Ronald K. Riley, Director of Law**

Shawn W. Maestle
Weston Hurd, L.L.P.
The Tower at Erieview
1301 East 9th Street, Suite 1900
Cleveland, Ohio 44114

LARRY A. JONES, SR., J.:

{¶1} The city of East Cleveland, Dr. Joy Jordan, Chantelle Lewis, Nathaniel Martin, Barbara Thomas, and Mansell Baker (hereinafter referred to as "relators"), have filed a complaint for a writ of mandamus.[1] The relators allege that Gary Norton, Mayor of East Cleveland, Irene Crowell, Finance Director of East Cleveland, and Ronald K. Riley, Law Director of East Cleveland (hereinafter referred to as "respondent Mayor," "respondent Finance Director," and "respondent Law Director"), have violated duties imposed by the Charter and Codified Ordinances of the City of East Cleveland, Ohio.[2] The relators, as well as the respondents, have all filed motions for summary judgment with supporting affidavits and other evidentiary material. We deny the relators' motion for summary judgment and grant the respondents' motion for summary judgment, albeit for different reasons and arguments than presented by the respondents.

## STANDARDS FOR ISSUING A WRIT OF MANDAMUS

{¶2} In order for this court to issue a writ of mandamus, the relators are required to establish: (1) the relators possess a clear legal right to the requested relief, (2) the respondents possess a clear duty to perform the requested relief and (3) there must exist no other adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, if the relators possessed an adequate remedy, regardless of whether it was used, relief in mandamus is precluded.

---

[1] Jordan, Lewis, Martin, Thomas, and Baker are named as relators in both their individual capacity as well as councilpersons of the city of East Cleveland.

[2] On March 25, 2013, Irene Crowell was substituted for Jack Johnson, the former city Finance Director. See disposition of relators' motion to substitute, motion no. 463309.

*State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and issued only when the right and duty is absolutely clear. Mandamus will not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist. 1993); *State ex rel. Dayton-Oakwood Press v. Dissinger*, 32 Ohio Law Abs. 308, 1940 Ohio App. LEXIS 1173 (2d Dist. 1940). The Supreme Court of Ohio has also firmly established that the facts submitted in support of the complaint for mandamus and the proof produced must be plain, clear and convincing before a court is justified in using the "strong arm of the law" by way of granting a writ of mandamus. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967).

{¶3} In addition to the basic requirements that must be established by the relators, the following principles of law guide this court's determination as to whether a writ of mandamus should be issued on behalf of the relators. Mandamus lies only to enforce the performance of a ministerial duty or act. A ministerial duty or act has been defined as one that a person performs in a given state of facts in a prescribed manner in the obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done. *State ex rel. Neal, Jr. v. Moyer*, 3d Dist. Allen No. 1-84-44, 1985 Ohio App. LEXIS 5380 (Jan. 9, 1985). The object of a writ of mandamus is to compel an officer to do a specific act required by law, and not to compel the general enforcement of the mandate of the law.

* * * [A]nd while a court might well hold that the general course of conduct contended for by the relator, and which he seeks to have the plaintiff commanded to follow, is the course of conduct which the law requires, and, therefore, the course which the [respondent] is in duty bound to pursue, yet a court will not employ the extraordinary writ of mandamus to supplant every other form of remedy, for if it be employed to compel the observance of law generally, the court would thereby constitute itself the public conscience, and all others would become its agents through which the court would, within the law, exercise its will. The function of a court is to render judgment in actual controversies between adverse litigants, to command or restrain specific acts affecting existing rights of parties before the court, as distinguished from declaratory judgments affecting possible rights and potential controversies.

*State ex rel. Cullen v. Toledo*, 105 Ohio St. 545, 138 N.E. 58 (1922). *See also State ex rel. Keyser v. Commrs. of Wayne Cty.*, 57 Ohio St. 86, 48 N.E. 136 (1897).

{¶4} It must also be noted that if the allegation of a complaint for a writ of mandamus demonstrates that the real object sought is a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for lack of jurisdiction. *State ex rel. Esarco v. Youngstown City Council*, 116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953; *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, quoting *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 1999-Ohio-130, 716 N.E.2d 704.

Mandamus will not issue to require a public officer to prospectively observe the law. *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 423 N.E.2d 482 (1981); *State ex rel. Kay v. Fuerst*, 156 Ohio St 188, 101 N.E. 730 (1951). Finally, this court possesses the *sound discretion* to deny or grant a writ of mandamus. In *State ex rel. Pressley v. Industrial Comm. of Ohio* (1967), supra, paragraph seven of the syllabus, the Supreme Court of Ohio held that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The Supreme Court of Ohio expounded that in exercising the discretion to deny or grant a writ of

mandamus, the court hearing the original action should consider the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case. * * * Among the facts and circumstances which the court will consider are the applicants' rights, the interests of third persons, the importance or unimportance of the case, the applicant's conduct, the equity and justice of the relator's case, public policy and the public's interest, whether the performance of the act by the respondent would give the relator any effective relief, and whether such act would be impossible, illegal or useless.

*Pressley* at 161-162. *See also State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62, 378 N.E.2d 152 (1978); *State ex rel. Dollison v. Reddy*, 55 Ohio St.2d 59, 378 N.E.2d 150 (1978), *State ex rel. Mettler v. Stratton et al.*, 139 Ohio St. 86, 38 N.E.2d 393 (1941).


## RELATORS' CLAIMS FOR MANDAMUS

{¶5} In this case, the relators have presented nine claims that form the basis of their request for a writ of mandamus. Specifically, the relators argue that the respondents possess the duty to fulfill each of the following nine claims:

1) inventory of supplies and materials: "On January 17, 2012, the Council passed Resolution 107-11, directing Respondent the Director of Finance (then Jack Johnson, now Irene Crowell) to 'submit to Council, on a quarterly basis, a detailed inventory of supplies and material on hand and the value thereof at the date of preparation.'"

2) monthly balance sheets: "On March 7, 2012, the Council passed Resolution 102-11, directing Respondent the Director of Finance (then Jack Johnson, now Irene Crowell) to 'deliver to Council on the first day of each

calendar month a monthly balance sheet showing in detail all receipts and expenditures of the City for the preceding calendar year.'"

3) financial information: "On May 1, 2012, City Council passed Resolution 47-12 * * * requires the administration to provide * * * information and documention, inter alia:

a. a sum of $3.2 million that was 'located' or 'found' by the administration just prior to the City Council's consideration of the 2012 appropriation ordinance in late March, 2012; and

b. the Victory Money Market Mutual Fund established in 2005 from Local Government fund notes and which funds are restricted until 2013."

4) failure to attend meetings: "To date, the Finance Director has failed or refused to participate in the Council's Finance Committee meetings and Audit Committee meetings and to provide information requested by those committees."

5) failure to provide financial information: "On January 17, 2012, City Council passed Resolution 108-11, * * * requires the Finance Director to provide City Council with all super Blanket purchase orders in place during the fiscal year that terminated or will terminate by the last day of the year."

6) violation of salary ordinance and appropriation ordinance: "By Charter, the Mayor of East Cleveland is authorized a stated salary of $40,000.00. * * * On December 19, 2011, City Council passed Ordinance No. 101-11, which adjusted salary ranges of City employees. That ordinance, * * *, amended an earlier temporary salary ordinance which had provided for a salary of $25,000.00 for the position of Safety Director and a salary of $25,000.00 for the position of Assistant Safety Director by eliminating the salary appropriations for these positions. * * *. As of June 30, 2012, the Finance Director has

disbursed payments to the Mayor totaling $22,485.00 from the police dept. fund and $22,485.00 from the fire department fund. The Finance Director has continued to pay these funds to the Mayor despite the lack of any appropriations providing for such funds."

7) failure to cooperate with respondent: "Council's formulation and implementation of appropriations ordinance - On February 4, 2012, City Council passed Resolution 104-11, * * *, requiring the Mayor to submit to Council by the end of each fiscal year a budget schedule for each city department's essential and discretionary functions. From the end of 2011 to date, the Mayor has failed to comply with Resolution 104-11 for fiscal year 2012. On February 18, 2012, City Council passed Ordinance No. 109-11, requiring the Mayor to submit to Council on a quarterly basis a schedule of all essential personnel by department. * * *. Further, the Mayor, without any authority to do so, delayed approval of the appointment of a Deputy Clerk of Council and the placement of such Clerk on the City payroll. The Mayor and the Finance Director are and have been attempting to impede the operation of the City Council and have refused to properly pay the invoices submitted for expenses incurred in City Council operations. * * *."

8) unauthorized contracts: "The mayor has followed a consistent pattern of accepting grants and funds without approval of the receipt of such funds by Council as required by the Codified Ordinances and Charter."

9) Law Director has failed to perform his mandatory duty: "Law Director, Ronald Riley, has consistently failed and refused to promptly draft ordinances as requested by City Council."

**ANALYSIS AND DISPOSITION OF COMPLAINT FOR MANDAMUS**

**{¶6}**  Based upon the motions for summary judgment as filed by the relators and the respondents, the briefs in opposition to the motions for summary judgment, the supporting affidavits, the attached exhibits, and the deposition transcripts, we decline to issue a writ of mandamus on behalf of the relators.  As previously stated, this court in considering the grant or denial of the writ of mandamus on the merits, will exercise sound legal and judicial discretion based upon all of the facts and circumstances in this case and the justice to be done.

**{¶7}**  Applied to the facts and circumstances of this action, are the following principles stated previously but summarized in the following: 1) mandamus will not be employed to enforce the general mandate of the law; 2) mandamus will not be employed to require a public officer to follow the law generally in the conduct of his official duties; 3) mandamus will not issue to compel a public officer to prospectively observe the law and perform a specific duty; 4) mandamus will not be employed as a substitute for one seeking declaratory judgment and prohibitory injunction; 5) mandamus will not be employed to order a vain act; and 6) mandamus will not be employed where the act requested is moot.

**{¶8}**  It must also be noted that our decision to not issue a writ of mandamus is based upon the material fact that the office of the Auditor of the state of Ohio declared respondent-city of East Cleveland to be in fiscal emergency and thus placed under fiscal watch.

**{¶9}**  Pursuant to R.C. 118.05, a seven-member financial planning and supervision commission was created to oversee the daily and long-term financial operation  of respondent-city of East Cleveland.  The financial oversight includes preparation of a

long-range financial plan designed to remedy the financial problems of respondent-city of East Cleveland; restrictions on the financial activities of the respondent-city of East Cleveland; and the allocation of financial resources by department (police, fire, highways, etc.) and account (salaries, fringe benefits, etc.). The complaint for a writ of mandamus concerns the daily and long-term financial operations of respondent-city of East Cleveland, which have been assumed by the financial planning and supervision commission pursuant to R.C. 118.05, and are no longer the responsibility of the relators.

{¶10} As previously stated, the relators have raised nine claims in support of their complaint for a writ of mandamus. We find, for the following reasons, that mandamus is not appropriate with regard to any of the nine claims:

1) inventory of supplies and materials: is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

2) monthly balance sheets: is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

3) financial information: is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

4) failure of Finance Director to attend meetings:  is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

5) financial information:  inventory of supplies and materials:  is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

6) Mayor's violation of salary ordinance and appropriation ordinance:  the claim does not state a cause of action in mandamus because the real objects sought are a declaratory judgment and a prohibitory injunction;

7) failure to cooperate with formulation and implementation of appropriation ordinance:  is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

8) unauthorized contracts:  is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to relief or a clear legal duty;

9) failure of Law Director to perform duty:  is moot; does not lie to compel a public officer to follow the law generally in the conduct of duties, does not lie to compel a public officer prospectively to observe the law, failure to establish a clear legal right to

relief or a clear legal duty.

{¶11} In essence, mandamus may only be employed to compel the performance of a present existing duty as to which there is a present default. Mandamus will not issue to force prospective relief nor will mandamus lie to remedy the anticipated nonperformance of a duty. In addition, other facts taken into consideration by this court, including the relators' rights, the equity and justice of denying a writ of mandamus, public policy, the public's interest, and whether the performance of the requested acts would give the relators effective relief, weigh heavily against the issuance of a writ of mandamus. Thus, this court, in the exercise of its discretion, declines to issue a writ of mandamus on behalf of the relators.

{¶12} Accordingly, this court denies the relators' motion for summary judgment, and grants the respondents' motion for summary judgment, albeit for reasons different than those argued by the respondents. Relators to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶13} Writ denied.

LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR