[Cite as *Stevenson v. E. Cleveland Council President*, 2022-Ohio-4521.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

KOREAN C. STEVENSON, ET AL.,                    :

      Relators,                    :

                                No. 112187

      v.                    :

CITY OF EAST CLEVELAND
COUNCIL PRESIDENT, ET AL.,            :

      Respondents.                    :

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  COMPLAINT DISMISSED
**DATED:**  December 13, 2022

Writ of Mandamus
Order No. 560291

### *Appearances:*

Korean Stevenson, *pro se.*

Willa M. Hemmons, East Cleveland Director of Law, *for respondents*.

ANITA LASTER MAYS, P.J.:

{¶ 1}   Relators, Korean C. Stevenson and Patricia Blochowiak, seek a writ of mandamus directing respondents, East Cleveland Council President Nathaniel Martin and East Cleveland Clerk of Council Tracy Udrija Peters, to comply with provisions of the East Cleveland Charter and other applicable rules and regulations

in the process to fill a vacancy in the East Cleveland City Council created by the successful recall of a sitting member of council. For the reasons that follow, we sua sponte dismiss the complaint.

## I. Background

{¶ 2} The complaint, filed on December 1, 2022, alleges that the citizens of East Cleveland voted to remove councilmember Earnest Smith in an election held on November 8, 2022. Relators allege that even prior to the certification of those election results on November 29, 2022, respondent Martin had unilaterally issued a press release that was posted to East Cleveland's website and other places. The release called for the submission of resumes for those interested in filling the vacancy to be filed by a certain date. The relators state that the deadline for submissions was arbitrarily set for November 10, 2022, but acknowledge that this deadline was later extended to December 1, 2022. In the 26-page complaint, relators make numerous arguments that respondents have unilaterally acted without the approval of council, behaved in a manner unfit for a councilperson, and engaged in activities that may even be illegal.

{¶ 3} On December 9, 2022, relator Stevenson also filed a motion for expedited calendaring and addendum to filing. There, for the first time, relator asked for expedited action in the matter. The filing also included recent emails between relators and respondents indicating a deteriorating relationship between members of council.

## II. Law and Analysis

### A. Standard for Mandamus

{¶ 4} Relators seek a writ of mandamus. They are required to show that they possess a clear legal right to the requested relief, respondents have a clear legal duty to provide that relief, and relators possess no other adequate remedy at law. *State ex rel. Langhenry v. Britt*, 151 Ohio St.3d 227, 2017-Ohio-7172, 87 N.E.3d 1216, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. If any one of these elements is lacking, relators are not entitled to a writ. Further, a court may sua sponte dismiss a complaint in an original action when the complaint is frivolous or it appears beyond doubt that relators cannot prevail based on the claims advanced. *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 11, citing *McAuley v. Smith*, 82 Ohio St.3d 393, 395, 696 N.E.2d 572 (1998).

### B. Right to Relief and Legal Duty to Provide that Relief — Failure to Comply with Applicable Laws and Rules

{¶ 5} In the complaint, relators allege that respondents "do not adhere to the Charter of the City of East Cleveland" or to "Robert's Rules of Order, Ohio Sunshine Laws, and the Ohio Revised Code when presiding or recording over committee and council meetings." Relators seek a writ directing respondents to "operate within the confines of law as it pertains to the filling of a vacancy on council." Relators further seek to have respondents:

> 1. Adhere to the legal and rules in regards to scheduling meetings for councilors input,

2. Properly publicly post[] the vacancy of the council seat, after councilors have approved a plan of action in this process.

3. Cease all conduct without councilors' knowledge, inclusion, and agreement with meeting dates, and materials required to be submitted by interested parties, etc.

4. To meet with the council collective to determine the next steps in the process of replacing the recalled councilor as prescribed by the City of East Cleveland's Charter in Section 100.

5. Respondents Martin and Peters shall adhere to all other sections of the charter both outlined herein and in the charter document that pertains to the processes of replacing Smith and all other council operations.

{¶ 6} The complaint also contains a litany of allegations of malfeasance by former councilperson Smith and respondents. We will examine each claimed source of legal authority in turn.

### i. The East Cleveland City Charter

{¶ 7} Section 102 of the East Cleveland City Charter specifies the organization of city council and the role of the council president. It provides that the president of council, "in addition to the Council's obligations, rights, and duties as a Councilperson at large, shall preside at all meetings and shall perform such duties as may be imposed upon him or her by the Council." The provision also states that council may employ a clerk:

> The Council shall also choose or appoint a Clerk and such other officers and employees of the sitting Council as it deems necessary, to serve at the pleasure and during the term of the sitting Council. The Clerk shall keep the records of the Council and perform such other duties as may be required by this Charter or the Council but within the scope of the Council's daily business.

**{¶ 8}** Section 56 of the East Cleveland City Charter provides for the filling of vacancies of council brought about to recall:

> In any such election, if a majority of the votes cast on the question of removal of any member of the Council are affirmative, the person whose removal is sought shall thereupon be deemed removed from office upon the certification of the official canvass of that election to the Council and the vacancy caused by such recall shall be filled by the remainder of the Council according to the provisions of Section 6 of this Charter.

This provision refers to a section of the charter, Section 6, that has been repealed.[1]

**{¶ 9}** Section 100 of the East Cleveland City Charter provides for the filling of a council vacancy, generally. It states, "When the office of a member of Council shall become vacant, the vacancy shall be filled by election for the unexpired term by a majority vote of all the remaining members of Council. If the Council fails within 30 days to fill such a vacancy, the President of Council shall fill it by appointment." This section does not outline a procedure for the process used to solicit submissions of interest by potential candidates and selection. Relators do not point to any other provision of the Charter that does. Section 103(d) further specifies that council "shall determine its own rules and order of business and shall keep a journal of its proceedings."

**{¶ 10}** Relators seek to have respondents generally comply with charter provisions. Mandamus may not be used to compel an elected official to generally comply with laws or rules. *State ex rel. Kuczak v. Saffold*, 67 Ohio St.3d 123, 616

---

[1] The history of the section indicates that this section was repealed in 1985.

N.E.2d 230 (1993). "Mandamus lies only to enforce the performance of a ministerial duty or act." *State ex rel. E. Cleveland v. Norton*, 8th Dist. Cuyahoga No. 98772, 2013-Ohio-3723, ¶ 3. This is defined as an act "that a person performs in a given state of facts in a prescribed manner in the obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done." *Id.*, citing *State ex rel. Neal, Jr. v. Moyer*, 3d Dist. Allen No. 1-84-44, 1985 Ohio App. LEXIS 5380 (Jan. 9, 1985). A writ of mandamus may be used "to compel an officer to do a specific act required by law, and not to compel the general enforcement of the mandate of the law." *Id.* Additionally, "[m]andamus will not lie to remedy the anticipated nonperformance of a duty." *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 343, 423 N.E.2d 482 (1981).

{¶ 11} Here, the East Cleveland City Charter specifies that council shall fill a vacancy on council by vote of the remaining members of council. If it is unable to do so within 30 days, the president of council may fill the vacancy by appointment. The Charter does not provide any more details than that. It leaves it up to the discretion of council to organize the process. Relators have not identified any provision of law in a statute, ordinance, or charter provision to which they have a clear legal right to the relief requested or that respondents have a legal duty to fulfill.

{¶ 12} Relators' claims are that respondent Martin has unilaterally sent out requests for resumes and letters of interest with various deadlines for submission and tried to schedule interviews before the council as a whole, without specifically inviting relators to contribute to this process. Relators' claims that respondents

have taken unilateral action by posting requests for resumes and excluding relators from participation in the process of filling a vacancy on council, while troubling, does not constitute a ministerial act with which respondents are required by law to fulfill. The allegations in the complaint and documents attached indicate that respondents are taking actions designed to proceed to a speedy vote of council to fill a vacancy. This process is not set forth in any detail in the East Cleveland City Charter. Therefore, relators have not established that respondents have a clear legal duty to provide relators with the requested relief.

### ii. Robert's Rules of Order

{¶ 13} Relators also claim that respondents have behaved in a manner unfit for a position of public trust by treating relators rudely and failing to conduct council meetings and business in an orderly manner. Relators allege that respondent Martin has failed to comply with rules of parliamentary procedure adopted by council, namely Robert's Rules of Order.

{¶ 14} This court has recently heard the same argument regarding the same legislative body in regard to a different councilperson. *In relation of Ohio Ernest Smith v. Gowdy*, 8th Dist. Cuyahoga No. 110078, 2021-Ohio-1730. There, we rejected the same argument raised here and do so again for the same reasons set forth therein:

> The Supreme Court of Ohio, with regard to the implementation of parliamentary procedures, such as contained within Robert's Rules of Order, has established that parliamentary rules are intended merely to assist in the orderly conduct of business and the failure to follow such parliamentary rules cannot be employed to invalidate otherwise lawful actions. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of*

*Edn.*, 74 Ohio St.3d 543, 660 N.E.2d 463 (1996); *Nalluri v. State Med. Bd. of Ohio*, 10th Dist. Franklin No. 14AP-530, 2014-Ohio-5530, 25 N.E.3d 497. *See also Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 7th Dist. Jefferson No. 94-J-30, 1995 Ohio App. LEXIS 1184 (Mar. 21, 1995), ¶ 21 wherein the court adopted the language contained within 59 American Jurisprudence 2d, Parliamentary Law, Section 15:

> The courts generally do not concern themselves with violations of parliamentary rules in deliberative proceedings, and this is so whether such rules are codified in the form of a manual and formally adopted, or whether they consist of a body of unwritten customs or usages, preserved in memory and by tradition. Since parliamentary rules are merely procedural and not substantive, the courts have no concern with their observance. * * *

> As a general rule, the courts cannot review questions of parliamentary law governing acts of a presiding officer with respect to the order of motions, and no appeal lies to the court for alleged errors of a presiding officer in administering parliamentary Law.

*Id.* at ¶ 5.

**{¶ 15}** Relators' claims of alleged violations of Robert's Rules of Order are insufficient to establish a legal duty on the part of respondents.

### iii. Ohio Sunshine Laws

**{¶ 16}** Relators also argue that respondents have violated unspecific provisions of Ohio's system of laws governing the meetings of public bodies such as East Cleveland City Council. Relators allege that respondent Martin has, in the past, discussed employment matters of East Cleveland employees without adjourning to executive session. Relators argue this is required and the failure to do so constitutes a violation of unspecified Ohio Sunshine Laws.

**{¶ 17}** R.C. 121.22, Ohio's Open Meetings Act, contains a list of exceptions to the general rule that public bodies such as city councils must meet and legislatively

act only in meetings that are open to the public. R.C. 121.22(G)(1) provides that a public body *may* hold an executive session, i.e., a session that takes place in private, to consider, among other things, matters of employment. The statute provides for a private right of action to redress a violation of the statute to be filed in a court of common pleas. R.C. 121.22(I)(1).

{¶ 18} Here, relators are not arguing that respondents violated the Open Meetings Act by improperly going into executive session. Instead, relators are arguing that respondents violated the Act by not going into executive session. R.C. 121.22(G)(1) provides a list of exemptions from the open meetings requirements. The statute provides that a public body *may* go into executive session to discuss these matters. The statute does not require a public body to do so. The use of executive session to discuss matters of employment is discretionary. In some instances, the use of executive session may even be prohibited. *See Stewart v. Lockland School Dist. Bd. of Edn.*, 144 Ohio St.3d 292, 2015-Ohio-3839, 42 N.E.3d 730 (discussing a public employee's right to an open hearing prior to termination of employment). Therefore, relators' allegations do not establish a legal duty on the part of respondents that entitled relators to the requested relief.

### iv. Other Sources of a Legal Duty

{¶ 19} Relators allege that respondents have violated statutory provisions and local ordinances but have not identified any with specificity or made allegations in the complaint that would support such a claim. Therefore, they have failed to assert a claim sufficient to warrant relief in mandamus in this regard.

### v. No Source of a Legal Duty or Right to the Relief Requested

{¶ 20} Relators have failed to allege a source for the alleged legal duty of respondents and have failed to allege a source for their right to relief. The conduct identified in the complaint that respondents have taken nonlegislative actions without permission of council and have behaved in a manner unbecoming of a public official are insufficient to establish these legal requirements for a writ of mandamus.

{¶ 21} Further, "[t]he separation of powers inherent in the system of government laid out in federal and state constitutions and the East Cleveland City Charter prevent a court from intruding into the legislative process." *State ex rel. Council President v. Mayor of E. Cleveland*, 8th Dist. Cuyahoga No. 110221, 2021-Ohio-1093, ¶ 65, citing *State ex rel. Ohio Motorists Assn. v. Masten*, 8 Ohio App.3d 123, 125-126, 456 N.E.2d 567 (8th Dist.1982), citing *Cleveland ex rel. Neelon, v. Locher*, 25 Ohio St.2d 49, 52, 266 N.E.2d 831 (1971). There are instances where a court may direct a legislature to act where there is a legal duty to do so, but even then, "'it cannot direct the course of action.'" *Masten* at 126, quoting *Neelon* at 52. Relators have not provided any source of a legal duty to act that provides sufficient justification for this court's intrusion into the legislative process.

{¶ 22} The complaint also contains various allegations of malfeasance by former councilperson Smith and respondents. But again, relators have not identified any legal right to the requested relief or any specific legal duty with which respondents must specifically comply. In such instances, dismissal of the complaint

is warranted. *See State ex rel. Naples v. Vance*, 7th Dist. Mahoning No. 02-CA-181, 2003-Ohio-4738. "The object of a writ of mandamus is to compel an officer to do a specific act required by law, and not to compel the general enforcement of the mandate of the law." *Gowdy*, 8th Dist. Cuyahoga No. 110078, 2021-Ohio-1730, at ¶ 10.

{¶ 23} In *Gowdy*, a member of East Cleveland City Council sought a similar writ of mandamus. We denied a writ of mandamus: "Because [Relator] requests that the respondents presently and prospectively generally observe the city of East Cleveland Charter, Municipal Code and Rules of Order, we decline to issue a writ of mandamus." *Id.* at ¶ 13. The allegations in the present complaint and relief sought are of the same vein as those alleged in *Gowdy*. For the same reason, the request for writ of mandamus fails.

{¶ 24} Relators have failed to plead necessary elements for a successful claim in mandamus. Under the facts as alleged in the complaint, relators are not entitled to relief. Therefore, the complaint is sua sponte dismissed. Costs assessed against relators. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 25} Complaint dismissed.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

CORNELIUS J. O'SULLIVAN, JR., J., and
MARY J. BOYLE, J., CONCUR