[Cite as *State ex rel. Crenshaw v. Cuyahoga Cty. Bd. of Elections*, 2024-Ohio-1478.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL, MARIAH CRENSHAW,:

    Relator,             :

                                  No. 113588

    v.                     :

CUYAHOGA COUNTY BOARD OF     :
ELECTIONS, ET AL.,

                                :

    Respondents.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** COMPLAINT DISMISSED
**DATED:** April 12, 2024

---

Writ of Mandamus
Motion Nos. 572006 and 572228
Order No. 572903

---

### *Appearances:*

Mariah Crenshaw, *pro se.*

Mark Griffin, Cleveland Law Director; James R. Russell, Jr., Chief Assistant Director of Law; and Gilbert Blomgren and Mike Arnold, Assistant Directors of Law, *for respondents.*

PER CURIAM:

{¶ 1} The relator, Mariah Crenshaw, seeks a writ of mandamus that requires the respondents, the Cuyahoga County Board of Elections, the board

members of the Cuyahoga County Board of Elections, and Justin Bibb, Mayor of the City of Cleveland, to conduct an election for the office of Cleveland law director as mandated by R.C. 733.49, instead of appointment by Mayor Bibb under Sections 70 and 77 of the Cleveland City Charter.[1] Crenshaw also seeks injunctive relief that prevents Mayor Bibb from appointing the Cleveland law director. Mayor Bibb has filed a Civ.R. 12(B)(6) motion to dismiss the complaint for mandamus. The County Board of Elections and board members have filed a separate Civ.R. 12(B)(6) motion to dismiss. We decline to issue a writ of mandamus and grant the motions to dismiss because Crenshaw actually seeks a declaratory judgment and a prohibitory injunction over which this court lacks jurisdiction.

**Background**

{¶ 2} On January 24, 2024, Crenshaw filed a complaint for a writ of mandamus that would require the election of the law director of the city of Cleveland, instead of appointment of the law director by Mayor Bibb. Specifically, Crenshaw seeks a declaration that R.C. 733.49 requires the election of the Cleveland law director and supersedes the power of Mayor Bibb to appoint the Cleveland law director under Sections 70 and 77 of the Cleveland City Charter and the Home Rule

---

[1] The city of Cleveland was named as a respondent in Crenshaw's amended complaint. However, Crenshaw voluntarily dismissed the city of Cleveland, pursuant to Civ.R. 41(A)(1)(a), on February 24, 2024. The notice of voluntary dismissal was effective upon filing. A notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention. *State ex rel. Engelhart v. Russo*, 131 Ohio St.3d 137, 2012-Ohio-47, 961 N.E.2d 1118; *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414.

Amendment to the Ohio Constitution. Crenshaw raises five arguments in support of her complaint for mandamus: 1) "the city of Cleveland charter language does not explicitly designate the office of Law Director to be appointed"; 2) "Home Rule does not apply – the City Charter language does not specify the Director of Law be appointed"; 3) "Title 7 Municipal Corporations * * * necessitates the election of law directors to public office"; 4) "[t]he City Charter requires the Law Director's Office to comply with Chapter 3, Sec. 5 nominating petitions"; and 5) allegations of "voter suppression."

**Analysis**

*Mandamus*

{¶ 3} The requisites for mandamus are well established: (1) the relator possesses a clear legal right to the requested relief; (2) the respondent possesses a clear legal duty to perform the requested relief; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987); *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 374 N.E.2d 641 (1978). "The function of mandamus is to compel the performance of a present existing duty as to which there exists a default." *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 343 – 344, 423 N.E.2d 482 (1981), citing *State ex rel. Fed. Homes Properties, Inc. v. Singer*, 9 Ohio St.2d 95, 223 N.E.2d 824 (1967).

{¶ 4} Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only issued when the right is clear. It should not issue in

doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (1993).

{¶ 5} Herein, Crenshaw basically argues that a conflict exists between R.C. 733.49 and Sections 70 and 77 of the Cleveland City Charter that must be resolved by this court. In essence, Crenshaw seeks a declaratory judgment that requires the election of the Cleveland law director and prevents the appointment of the Cleveland law director by Mayor Bibb. The Supreme Court of Ohio has firmly established that the court of appeals lacks jurisdiction to hear declaratory judgment actions. *State ex rel. Hogan v. Ghee*, 85 Ohio St.3d 150, 707 N.E.2d 494 (1999); *State ex rel. Coyne v. Todia*, 45 Ohio St.3d 232, 543 N.E.2d 1271 (1989). A complaint couched in the form of mandamus does not state a cause of action in mandamus when the clear substance of the allegations demonstrates an action for declaratory judgment and prohibitory injunction. A declaratory judgment action that is cloaked in mandamus is subject to dismissal. *State ex rel. Denton v. Bedinghaus*, 98 Ohio St.3d 298, 2003-Ohio-861, 784 N.E.2d 99; *State ex rel. Grendell v. Davidson*, 86 Ohio St.3d 629, 716 N.E.2d 704 (1999); *Dussell v. Lakewood Police Dept.*, 8th Dist. Cuyahoga No. 81193, 2002-Ohio-6644.

{¶ 6} Because Crenshaw's complaint for mandamus is actually a declaratory judgment and a prohibitory injunction, the request for a writ of mandamus must be dismissed. *State ex rel. Esarco v. Youngstown City Council,*

116 Ohio St.3d 131, 2007-Ohio-5699, 876 N.E.2d 953; *State ex rel. McGrath v. Ohio, Adult Parole Auth.*, 100 Ohio St.3d 72, 2003-Ohio-5062, 796 N.E.2d 526; *State ex rel. Swopes v. McCormick*, 8th Dist. Cuyahoga No. 110860, 2022-Ohio-306.

*Loc.App.R. 45 – Filing Fee or Poverty Affidavit*

{¶ 7} Finally, Crenshaw has failed to pay the filing fee to initiate this action or file an affidavit of indigence as required by Loc.App.R. 45(C). Failure to pay the filing fee or provide an affidavit of indigence constitutes grounds for dismissal. *Turner v. Turner*, 8th Dist. Cuyahoga No. 112821, 2023-Ohio-2187; *Turner v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 112820, 2023-Ohio-2881; *Grundstein v. Russo*, 8th Dist. Cuyahoga No. 110719, 2021-Ohio-3465, citing *State ex rel. Mickey v. McFaul*, 8th Dist. Cuyahoga Nos. 77320 and 77321, motion No. 12565, 1999 Ohio App. LEXIS 6256, 3 (Dec. 23, 1999).

{¶ 8} Accordingly, we grant the respondents' Civ.R. 12(B)(6) motions to dismiss. Costs to Crenshaw. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 9} Complaint dismissed.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE


_____
SEAN C. GALLAGHER, JUDGE


_____
FRANK DANIEL CELEBREZZE, III, JUDGE