GANNETT SATELLITE INFORMATION NETWORK, INC., D.B.A. CHILLICOTHE GAZETTE, APPELLANT, *v.* CHILLICOTHE CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, ET AL.

(No. 1427—Decided
April 4, 1988.)

*Jones, Day, Reavis & Pogue, John W. Zeiger, Todd S. Swatsler* and *Steven J. McDonald,* for appellant.

*James Barrington,* director of law, and *Robert T. Baker,* for appellee.

GREY, P.J. This case, an appeal from the Ross County Court of Common Pleas, deals with R.C. 121.22, Ohio's Sunshine Law. Appellee, the Chillicothe City School Board, faced a very serious budget deficit. At a regularly scheduled meeting on January 20, 1987, the school board voted to go into executive session. Appellant, Gannett Satellite Information Network, Inc.

(hereinafter "Gannett"), publisher of the Chillicothe Gazette, and the local teachers' union sued the school board, seeking declaratory and injunctive relief. The trial court found there had been no violation of R.C. 121.22, and that any defect had been cured by subsequent open meetings. The teachers' union did not appeal, but Gannett appeals, designating one assignment of error. We reverse.

The relevant facts are basically not disputed. Early in 1987, it became apparent that the school district was in deep financial trouble and would have to make cuts of at least half a million dollars in the current year, and probably further cuts in future years. The school superintendent prepared a cost containment proposal to be presented at the January 20, 1987 meeting. The meeting was announced in accordance with R.C. 121.22 and, as expected, a large number of people attended, including representatives of the press and the teachers' union. The board determined that since the budget cuts would affect the school personnel, it would go into executive session to consider the cost-cutting proposals, despite a challenge of that decision by Tom Williams, President of the Chillicothe Education Association (hereinafter "CEA").

At its next meeting on February 2, 1987, the board revealed to the public the cost containment proposal (hereinafter "proposal") already discussed and debated during its executive session of January 20. The board permitted public comment on the proposal at that meeting. At its meeting on March 2, 1987, the board formally voted on the proposal and it was enacted without a single substantive change.

On January 28, 1987, between the first and second board meetings at issue here, Gannett and the CEA filed two separate complaints in the Ross County Common Pleas Court seeking a

declaratory judgment, stating that the board's executive session of January 20, 1987 controverted the Sunshine Law, R.C. 121.22. Both Gannett and the CEA further sought ancillary injunctive relief prohibiting the board from further violating that statute. These complaints were consolidated for trial.

On April 23, 1987, the matter came on for trial before retired Judge Louis J. Schwartz, sitting by assignment. The trial court found in favor of the board, refusing to grant the plaintiffs' requested declaratory or injunctive relief. Gannett appeals the trial court's decision and assigns one error:

"The trial court erred in holding that the January 20, 1987 executive session held by appellee Chillicothe City School District Board of Education to discuss budget and curriculum cuts only generally affecting personnel as a group did not violate Ohio's Sunshine Law, Ohio Revised Code § 121.22."

The starting point of our consideration of Gannett's assignment of error must be the clear, plain language of R.C. 121.22(C), which provides in pertinent part:

"*All meetings* of any public body are declared to be public meetings open to the public *at all times.* \* \* \*" (Emphasis added.)

Open meetings of any public body are mandated by the legislature's unequivocal adoption of the Sunshine Law as a matter of public policy. This is the rule. Any case involving R.C. 121.22 is limited to a consideration of whether the conduct of the public body fits one of the narrowly defined exceptions to the rule.

R.C. 121.22 enumerates these narrowly drawn exceptions in Division (G), subsections (1) through (6). The issue before this court involves the applicability of R.C. 121.22(G)(1) to the executive session held by the board on January 20, 1987. R.C. 121.22(G)(1) provides in pertinent part:

"(G) The members of a public body may hold an executive session only at a regular or special meeting for the *sole* purpose of the consideration of any of the following matters:

"(1) Unless the public employee, official, licensee, or regulated individual requests a public hearing to consider the appointment, employment, dismissal, discipline, promotion, demotion, or compensation of *a* public employee \* \* \*." (Emphasis added.)

Clearly, the purpose of this subsection is to protect the individual's reputation and privacy. This is evidenced by the introductory clause, "[u]nless the public employee \* \* \* requests a public hearing \* \* \*."

The board asserts that its executive session of January 20, 1987 was a valid exercise of the exception to the Sunshine Law as provided by R.C. 121.22(G)(1), since the purpose of the session was to discuss budget cuts involving personnel.

The board argues an extraordinarily broad view of the narrow R.C. 121.22(G)(1) exception. The board bases its argument on the premise that since it would be discussing the budget cuts within the school system and since eighty-nine percent of the school system's budget is allocated for salaries, then it necessarily follows that such a discussion was a discussion of the "employment and dismissal" of a public employee. The board's position is untenable.

The language of the statute is clear. R.C. 121.22(G)(1) permits a public body to enter into executive session when its *sole* purpose is the consideration of a *specific* employee's employment, dismissal, etc. The discussion during the executive session of January 20, 1987 did not concern specific individuals. Rather, the discussions revolved around the need to cut

an aggregate number of positions from the system payroll. There was ample testimony that even when certain specific individual names were brought up, Assistant Superintendent Shover steered the board from a discussion of those specific individuals' employment.

The facts presented clearly indicate that the board's executive session of January 20, 1987 was a violation of the Sunshine Law. The trial court erred in holding otherwise. The fact that such a discussion may have been more conveniently held in executive session has no bearing on the plain language of the statute.

The trial court further erred in stating that even if a violation of R.C. 121.22(G) had occurred, such violation was cured by the subsequent board meetings of February 2, 1987 and March 2, 1987. A violation of the Sunshine Law cannot be "cured" by subsequent open meetings if the public body initially discussed matters in executive session that should have been discussed before the public. R.C. 121.22 (H) provides:

"A resolution, rule, or formal action of any kind is invalid unless adopted in an open meeting of the public body. A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section. * * *"

The statute continues on to describe the relief available:

"Upon proof of a violation or threatened violation of this section in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions. * * *"

Gannett's assignment of error is well-taken and sustained.

The judgment of the trial court is reversed and this case is remanded to the trial court with the direction to grant appellant injunctive relief and such other relief as is consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

ABELE and STEPHENSON, JJ., concur.