[Cite as *Stewart v. Lockland School Dist. Bd. of Edn.*, 2013-Ohio-5513.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ADAM STEWART, | : | APPEAL NO. C-130263 |
| | | TRIAL NO. A-1206854 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BOARD OF EDUCATION OF LOCKLAND SCHOOL DISTRICT, | : | |
| | | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 18, 2013

*Kircher, Arnold & Dame, LLC*, *Konrad Kircher* and *Ryan J. McGraw*, for Plaintiff-Appellant,

*Bricker & Eckler, LLP*, *David J. Lampe* and *Kate V. Davis*, for Defendant-Appellee.

Please note: this case has been removed from the accelerated calendar.

**Sylvia S. Hendon, Presiding Judge.**

{¶1} Plaintiff-appellant Adam Stewart has appealed from the trial court's entry adopting the magistrate's decision denying his motion for summary judgment and granting the motion for summary judgment filed by defendant-appellee the Board of Education of the Lockland School District ("the Board") on Stewart's claim alleging a violation of Ohio's Open Meetings Act under R.C. 121.22.

{¶2} Because we determine that the trial court properly granted summary judgment to the Board and denied the motion for summary judgment filed by Stewart, we affirm.

*Background*

{¶3} Stewart had been employed by Lockland as a data coordinator, a nonteaching employee. On August 21, 2012, Stewart received a letter notifying him that the Board would be holding a meeting on August 23, 2012, to consider terminating his employment, and that he would be accorded the opportunity to speak and present evidence at this meeting. The meeting was convened for the Board to consider Stewart's role in the false reporting of student attendance data to the Ohio Department of Education. At the outset of the August 23 meeting, the Board adjourned into executive session over the objection of Stewart and his counsel. When the Board reconvened into open session, Stewart presented evidence and argument in support of his continued employment. Following Stewart's presentation, the Board again adjourned into executive session over Stewart's objection. Upon resuming open session, the Board passed a resolution terminating Stewart's employment.

{¶4}   Stewart received a letter the following day officially notifying him that the Board had passed a resolution terminating his employment.  The letter further notified him of his right to appeal, which Stewart timely acted upon by filing a complaint in the court of common pleas.  Stewart's complaint contained two causes of action.   The first alleged a violation of the Open Meetings Act under R.C. 121.22(G)(1).   The second cause of action was Stewart's administrative appeal challenging his termination under R.C. 3319.081.

{¶5}   Both parties filed motions for summary judgment on the first count of Stewart's complaint alleging a violation of the Open Meetings Act.  The magistrate granted the motion filed by the Board and denied Stewart's motion.  The trial court overruled Stewart's objections and adopted the magistrate's decision.   In his sole assignment of error, Stewart now argues that the trial court erred in adopting the magistrate's decision granting summary judgment to the Board.

### *Standard of Review*

{¶6}   We review a trial court's ruling on a motion for summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  Summary judgment is appropriately granted when there exists no genuine issue of material fact, the movant is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to the nonmoving party.  *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

### *Open Meetings Act*

{¶7}   Stewart argues in his sole assignment of error that the trial court erred in granting summary judgment to the Board on his claim for a violation of the Open Meetings Act.

{¶8}   As a nonteaching employee, Stewart's employment was governed by R.C. 3319.081.  This statute provides, in relevant part, that Stewart's employment could be terminated by a majority vote of the Board, but that Stewart could only be terminated for cause.  *See* R.C. 3319.081(C).  Because Stewart could only be terminated for cause, he possessed a property right in his employment, and was entitled under due-process principles to a pretermination hearing before his employment was terminated.  *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).  The United States Supreme Court has held that when an employee is also afforded posttermination administrative procedures, which Stewart was, the pretermination hearing need not be formal or elaborate, and does not require a full evidentiary hearing.  *Id.* at 545-548.  Stewart does not dispute that he was accorded the required pretermination hearing.  But he contends that the Open Meetings Act dictated that the Board conduct his entire hearing in public.

{¶9}   The Open Meetings Act is codified in R.C. 121.22, which provides that "[t]his section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law."  R.C. 121.22(A).  As a public body, the Board was required to conduct its meetings in public and open such meetings to the public at all times.  R.C. 121.22(C).

{¶10} R.C. 121.22(G) contains several exceptions permitting a public body to hold an executive session when properly convened by a quorum of the body. Specifically, R.C. 121.22(G)(1) allows for a public body to adjourn into executive session to consider the employment or dismissal of a public employee, unless the employee requests a public hearing. The Board relied on this provision when adjourning into executive session to discuss terminating Stewart's employment. But Stewart argues that the Board was not justified in convening an executive session because he had objected and requested that his entire hearing be conducted publically, as permitted by R.C. 121.22(G)(1).

{¶11} We must determine whether R.C. 121.22(G)(1) allowed Stewart to mandate that his entire hearing be held publically and to prevent the board from adjourning into executive session. We hold that it did not.

{¶12} In *Matheny v. Frontier Local Bd. of Edn.*, 62 Ohio St.2d 362, 405 N.E.2d 1041 (1980), the Ohio Supreme Court considered whether R.C. 121.22(G)(1) granted the right to a public hearing to a nontenured teacher. The court ultimately held that a nontenured teacher had no expectancy of continued employment and was not entitled to any hearing, let alone a public hearing, before the teacher's contract was not renewed. *Id.* at 364. The court held that R.C. 121.22(G)(1) must be read to conform to existing statutes governing teacher employment. It specifically cited R.C. 3319.16, which governs the employment contracts of teachers who could only be terminated for cause, and provides that, unlike nontenured teachers, such teachers were entitled to a hearing before termination, which "shall be private unless the teacher requests a public hearing." *Id.* at 366. In reaching its determination, the court stated that

R.C. 121.22(G)(1) was intended to bring the other provisions of that section into conformity with existing statutes, such as R.C. 3319.16, which prescribe the procedure applicable to public employee termination actions. We do not believe that the words 'unless the public employee * * * requests a public hearing * * *' were intended to grant the right to a hearing where none existed previously, as in the instance of contract considerations of non-tenured teachers.

*Id.* at 367.

{¶13} This court recently applied *Matheny* in *Schmidt v. Village of Newtown*, 1st Dist. Hamilton No. C-110470, 2012-Ohio-890. In determining that an at-will employee of the Village of Newtown had no right to a public hearing, we held that "[o]nly when a hearing is statutorily authorized, and a public hearing is requested, does R.C. 121.22(G) operate as a bar to holding an executive session to consider the dismissal of a public employee." *Id.* at ¶ 26.

{¶14} Unlike R.C. 3319.16, R.C. 3319.081, which governs Stewart's employment, does not authorize a nonteaching employee to request a public pretermination hearing. Nor was Stewart otherwise statutorily entitled to a pretermination hearing. Consequently, he could not prevent the Board from holding an executive session under R.C. 121.22(G)(1). Stewart contends that we interpreted *Matheny* too narrowly in *Schmidt*, and that an employee can require a public hearing any time a hearing is authorized by law, rather than only when statutorily authorized. And he maintains that, because due-process considerations entitled him to a *Loudermill* pretermination hearing, he was entitled to a hearing authorized by

law and could require a public hearing under R.C. 121.22(G)(1). We are not persuaded.

{¶15} The *Matheny* court held that R.C. 121.22(G)(1) was intended to bring the Open Meetings Act into conformity *with existing statutes*. It followed by stating that R.C. 121.22(G)(1) could not provide the right to a hearing where none had existed previously. *Matheny,* 62 Ohio St.2d at 367, 405 N.E.2d 1041. Reading these statements in conjunction, we are convinced that our interpretation in *Schmidt* was correct, and that an employee can only prohibit a public body from holding an executive session when the employee is statutorily entitled to a hearing.

{¶16} Stewart cannot rely on his entitlement to a *Loudermill* pretermination hearing to prevent the Board from entering into executive session. Our decision comports with the basic principles guiding the *Loudermill* court's decision. *Loudermill* sought to provide persons who possessed a property interest in continued employment with the basic due-process protections of notice and an opportunity to be heard prior to termination of employment. Considering its statement that a required hearing need not be formal or elaborate, the *Loudermill* court certainly did not accord such persons the right to require that the entire pretermination hearing be held publically.

{¶17} The trial court did not err in granting the Board's motion for summary judgment or in denying Stewart's motion for summary judgment on his claim alleging a violation of the Open Meetings Act. Stewart's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**HILDEBRANDT, J.** concurs.

**DEWINE, J.,** concurs separately.

**DEWINE, J.,** concurring separately.

{¶18} I concur in the judgment because I agree with the lead opinion that this case is controlled by the Ohio Supreme Court's decision in *Matheny v. Frontier Local Bd. of Edn.*, 62 Ohio St.2d 362, 405 N.E.2d 1041 (1980). I write separately to explain my discomfort with that result.

{¶19} If we were to decide this case on "a blank slate," it would seem evident that Mr. Stewart is entitled to a hearing. Such a conclusion follows from the plain language of the statute: a public body may move into executive session "to consider the * * * dismissal of * * * a public employee * * * unless the public employee * * * requests a public hearing." As I read this language, it seems clear that an employee such as Mr. Stewart had a right to prevent the Board from discussing his termination in executive session and require that such a discussion take place in public.

{¶20} Such a result is not only consistent with the plain language of the exception, but also with the introductory section of the Open Meetings Act, which provides that the section is to be "liberally construed" to require that public business be conducted in public unless specifically excepted by law. It is also consistent with the evident purpose behind the section of allowing employee matters to be discussed in private "to protect the [employee's] reputation and privacy." *See Gannett Satellite Information Network v. Chillicothe City School Dist. Bd. of Edn.*, 41 Ohio App.3d 218, 220, 534 N.E.2d 1239 (4th Dist.1988). If the employee is not concerned about a public airing, there is little justification to allow policymakers to shield their discussions from the public ear.

{¶21} Nevertheless, the Supreme Court in *Matheny* limited the right of an employee to require the discussion to be held in public to cases where the employee

already had a right to a public hearing. And as the majority correctly holds, the clear implication of *Matheny* is that this only applies when an existing right to a hearing comes from statute.

{¶22} The result we reach today finds little support in the language of the Open Meetings Law. But unless the Supreme Court revisits *Matheny* or the legislature takes action, it is the decision we are required to reach.

Please note:

The court has recorded its own entry on the date of the release of this opinion.