[Cite as *Biggert v. Highland Cty. Bd. of Dev. Disabilities*, 2013-Ohio-2112.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

| | | |
|---|---|---|
| CHARLES BIGGERT, JR., | : | |
| | : | |
| Appellant-Appellant, | : | Case No. 12CA19 |
| | : | |
| vs. | : | |
| | : | |
| HIGHLAND COUNTY BOARD | : | <u>DECISION AND JUDGMENT</u> |
| OF DEVELOPMENTAL | : | <u>ENTRY</u> |
| DISABILITIES, | : | |
| | : | |
| Appellee-Appellee. | : | **Released: 05/15/13** |

_____
APPEARANCES:

Gary A. Reeve, Law Offices of Gary A. Reeve, LLC, Columbus, Ohio, for Appellant.

Mark Landes and Aaron M. Glasgow, Isaac, Brant, Ledman & Teetor, LLP, Columbus, Ohio, for Appellee.

_____

McFarland, P.J.

{¶1} Charles Biggert appeals the decision of the Highland County Court of Common Pleas which affirmed Appellant's termination from his contract position as superintendent of Highland County Board of Developmental Disabilities, Appellee herein. On appeal, Appellant contends that the trial court committed error by 1) finding that Appellee gave proper due process to Appellant for all charges, pursuant to R.C. 5126.23; and 2) by

finding that Appellee terminated Appellant's contract for good cause, pursuant to R.C. 5126.23.

{¶2} In light of our determination that Appellant was afforded due process with respect to the notice of charges against him, and that the trial court did not err or abuse its discretion in denying Appellant's request for an additional, evidentiary hearing, we find no merit to the arguments raised under Appellant's first assignment of error and it is therefore overruled. Further, because we find the trial court's decision affirming Appellant's termination for cause was supported by a preponderance of reliable, probative and substantial evidence in the record, we cannot conclude that the trial court abused its discretion in reaching its decision. Appellant's second assignment of error is also overruled.

{¶3} Accordingly, having found no merit to the arguments raised by Appellant, the decision of the trial court is affirmed.

## FACTS

{¶4} Appellant became employed as superintendent of Appellee, Highland County Board of Developmental Disabilities, on December 16, 2008. Appellant's employment contract was for the period of January 1, 2009, through December 31, 2011. During the summer of 2011, problems began to occur related to Appellant's management style, as well as his

dealings with outside offices, including the county commissioners' office and the county prosecutors' office. Other problems occurred, including Appellant's attempt to have several board members removed for various different reasons. These issues lead the board to make a decision not to renew Appellant's contract, which was accomplished by formal vote on June 28, 2011.

{¶5} On August 23, 2011, the board reassigned Appellant to work on a specific project from home for the duration of his contract. Subsequently, on September 29, 2011, the board provided Appellant with a notice of termination and notice of charges, and informed him that a pre-disciplinary conference would be held on October 3, 2011. The notice of charges was five pages in length and contained twelve bullet pointed items, which included more detailed information and allegations under each bullet point.

{¶6} Although Appellant was provided with notice of the conference, he failed to attend. The record indicates Appellant had a scheduling conflict and requested that the conference be held on a different date, which request was denied by the board. During the pre-disciplinary conference on October 3, 2011, the board voted to terminate Appellant's contract. As a result,

Appellant filed a request for a hearing before a referee pursuant to R.C. 5126.23(D).[1]

{¶7} On December 8 and 9, 2011, a hearing was held before a referee. After hearing two days of testimony, which included ten witnesses on behalf of the board, Appellant and one other witness on Appellant's behalf, the referee issued a report and recommendation that Appellant's contract be terminated December 16, 2011.  On January 12, 2012, the board voted to accept the referee's report and recommendation and terminated Appellant's contract.   Appellant subsequently filed a notice of appeal in the Highland County Court of Common Pleas on February 10, 2012.

{¶8} In addition to appealing the board's decision to adopt the report and recommendation of the referee that he be terminated, Appellant filed claims alleging breach of contract related to his termination and the failure to pay him his unused leave.  Appellant also requested that an additional evidentiary hearing be held by the trial court, which request was denied on June 13, 2012.  After reviewing the administrative hearing transcripts and exhibits, the trial court issued findings of fact and conclusions of law in a written decision dated August 20, 2012, ultimately determining that Appellee board's adoption of the referee's recommendation and report and

---

[1] R.C. 5126.23 governs the disciplinary procedure for employees of county boards of developmental disabilities.

termination of Appellant was done in compliance with R.C. 5126.23 and was for good cause. In arriving at its decision, the trial court further found that the evidence supported a finding that Appellant was insubordinate, which it pointed out is also grounds for termination. As such, the trial court denied all of Appellant's claims related to the termination of his contract, leaving only one issue to be determined, which was Appellant's claim regarding his unused leave.

{¶9} Once the trial court received notification that the parties had settled the issue of Appellant's unused leave, the trial court issued a final judgment entry on September 13, 2012, incorporating by reference its earlier June 13, 2012, and August 20, 2012, decisions. It is from this final judgment entry that Appellant now brings his current appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     THE COMMON PLEAS COURT COMMITTED ERROR BY
        FINDING THAT THE BOARD GAVE THE PROPER DUE
        PROCESS TO BIGGERT FOR ALL CHARGES, PURSUANT TO
        R.C. 5126.23.

II.     THE COMMON PLEAS COURT COMMITTED ERROR BY
        FINDING THAT THE BOARD TERMINATED BIGGERT'S
        CONTRACT FOR GOOD CAUSE, PURSUANT TO R.C. 5126.23."

STANDARD OF REVIEW

{¶10} The appeal of Appellee board's decision is governed by R.C. 5126.23(G). *Benincasa v. Stark County Board of MRDD*, 5th Dist. No. 2003CA00350, 2004-Ohio-4941, ¶ 18.  In an appeal to the court of common pleas, the court must affirm the decision if it determines that the board's decision is supported by a preponderance of reliable, probative and substantial evidence. The common pleas court may consider the entire record, including the credibility of the witnesses and the weight and probative character of the evidence. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111, 407 N.E.2d 1265 (1980). The common pleas court may not, however, substitute its judgment for that of the agency. Instead, if a preponderance of reliable, probative and substantial evidence exists, the court must affirm the agency's decision. *Dudukovich v. Lorain Metro. Housing Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

{¶11} Conversely, in an appeal to the court of appeals, the court is not permitted to re-weigh the evidence. *Benincasa* at ¶ 19.  Instead, our review is limited to a question of whether the trial court abused its discretion in finding a preponderance of reliable, probative and substantial evidence exists to support the decision of the board. *Dudukovich* at 207. In order to find an abuse of discretion, we must determine that the trial court's decision

was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Absent an abuse of discretion, we must affirm the judgment of the trial court. *Benincasa* at ¶ 19; citing *Doll v. Stark County Board of MRDD*, 5th Dist. No.2001CA00255, 2001-Ohio-7052; citing *Unit. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 344, 587 N.E.2d 835 (1992).

## ASSIGNMENT OF ERROR I

{¶12} In his first assignment of error, Appellant contends that the trial court erred by finding that Appellee board afforded him proper due process for all charges, pursuant to R.C. 5126.23. Specifically, Appellant argues that several of the charges, charges seven through twelve in particular, were vague, lacking in evidence, and did not constitute notice under the law. Appellant further argues that the trial court "failed to cure the due process issue" by denying his request for an additional evidentiary hearing.

{¶13} R.C. 5126.23 governs the disciplinary procedure, required notice, referee determination and appellate procedure related to employees of county boards of developmental disabilities. R.C. 5126.23 provides in section (C) as follows:

"Prior to the removal, suspension, or demotion of an employee pursuant to this section, the *employee shall be notified in writing of the charges against the employee*. Except as otherwise provided in division (H) of this section, not later than thirty days after receiving such notification, a predisciplinary conference shall be held to provide the employee an opportunity to refute the charges against the employee. At least seventy-two hours prior to the conference, the employee shall be given a copy of the charges against the employee. * * * If the removal, suspension, or demotion action is directed against a superintendent, the conference shall be held by the members of the board or their designees, and the board shall notify the superintendent within fifteen days after the conference of its decision with respect to the charges." (Emphasis added).

R.C. 5126.23 further provides in section (D) as follows:

"Within fifteen days after receiving notification of the results of the predisciplinary conference, an employee may file with the board a written demand for a hearing before the board or before a referee, and the board shall set a time for the hearing which

shall be within thirty days from the date of receipt of the written demand, and the board shall give the employee at least twenty days notice in writing of the time and place of the hearing."

Additionally, R.C. 5126.23 provides in section (G) that on appeal to a common pleas court, the court "shall examine the transcript and record of the hearing and shall hold such additional hearings as it considers advisable, at which it may consider other evidence in addition to the transcript and record."

{¶14} Here, a review of the record reveals that Appellant was provided with a notice of charges on September 29, 2011, and was informed at that time that a pre-disciplinary conference would be held on October 3, 2011. Although Appellant was provided notice of the conference, he did not attend. Appellee Board voted to terminate Appellant during the conference and, as a result, a notice of termination was provided to Appellant on October 5, 2011. Appellant thereafter demanded a hearing before a referee, which hearing was held on December 8 and 9, 2011. The referee issued a report and recommendation on December 16, 2011, finding Appellant's termination was supported by a preponderance of evidence establishing good cause for termination under R.C. 5126.23(B). Thus, our review of the record

indicates that the proper procedure was followed and Appellant was afforded the notices and hearings required under R.C. 5126.23.

{¶15} However, Appellant argues that the content of the notice of charges was lacking and that he was denied due process as a result. As indicated above, the notice of charges was five pages in length and contained twelve bullet points. Generally, the notice charged Appellant with: 1) being dishonest in relation to a public statement he made during a June 28, 2011, board meeting wherein he represented he had emailed and received direction from county prosecutor Anneka Collins on a particular issue, when in fact he had not (this bullet point contained additional details, including that the email in question related to Sam Snyder's eligibility to serve on the board); 2) routinely treating employees in a discourteous and aggressive manner based upon bullying and intimidation (this bullet point mentioned two employees and situations, in particular: Appellant's aggressive, threatening, bullying and intimidating behavior towards employee Kim Gilbert with respect to an issue regarding the placement of a client, and Appellant's unprofessional and retaliatory behavior towards employee Sherry Morrison regarding her use of sick leave); 3) routinely treating board members in a discourteous and aggressive manner based upon bullying and intimidation (this bullet point specifically detailed Appellant's efforts to either prevent or

remove certain individuals as board members, including board president Linda Allen, former board member Gary Boatman, as well as the then current members Karen Adams and Sam Snyder;[2] 4) routinely treating county officials in a discourteous and aggressive manner based upon bullying and intimidation (this bullet point detailed Appellant's unprofessional and inappropriate dealings with Anneka Collins, the county prosecutor, Tom Horst, a county commissioner, and the commissioners office in general, which included "threatening public disclosure of embarrassing information" and ultimately resulted in the county prosecutor's and county commissioners' refusal to communicate with Appellant directly); 5) routinely treating the public and community in a discourteous and aggressive manner based upon bullying and intimidation (this bullet point detailed Appellant's unprofessional and inappropriate dealings with Doug Wagoner, the board's insurance agent, Robert Morrison, the husband of employee Sherry Morrison, and employees of the State of Ohio Rehabilitation Services, which jeopardized the board's receipt of a grant); 6) lacking integrity in his management style, resulting in unfair treatment of the staff, fear and lack of trust amongst the staff, which had an adverse affect of the health of the organization; 7) lacking character in his management style,

---

[2] These efforts included contacting board members' employers and making threats, as well as challenging their residency and eligibility to serve on the board.

resulting in inefficiency of the organization; 8) threatening retaliation against staff for voicing complaints; 9) regular use of profanity; 10) violation of the county board's staff attendance policy by reporting he was attending an out-of-office in-service during work hours; 11) violating the county board's rules by failing to notify his administrative assistant of his location during work hours; and 12) violating board and county policy that prohibits personal use of his county owned email address.[3]

{¶16} The referee's report found that Appellant engaged in bullying and intimidation with respect to employees, county offices and board members. It further found that Appellant tried to either keep certain people from serving as board members or have certain board members removed, believing they had some sort of personal vendetta against him. The report further indicated that Appellant had engaged in dishonesty in his dealings with the county prosecutor, his submission for mileage reimbursement, and his work attendance. The report also found credible the allegation that Appellant lacked integrity in his management style.

{¶17} On appeal to this Court, Appellant particularly takes issue with the information contained in the notice of charges six through twelve. Upon

---

[3] Charges six through twelve alleged that Appellant's actions detailed therein also violated the County Board's Code of Ethics and Values, Anti-Harassment Policy and Work Rules. The record also indicates that Appellant's employment contract contained a provision entitled "Application of Board Policies" which bound Appellant to all official board policies applicable to all other employees.

review of the trial court's decision, we note that the trial court specifically found that charges seven, eight, nine and twelve were not proven. Thus, we limit our discussion to charges six, ten and eleven, which the trial court determined were proven. We initially note that after a review of the record, we conclude that the notice of charges were sufficiently detailed so as to put Appellant on notice of the allegations being made against him, and thus, we cannot conclude that Appellant was deprived of due process with regard to the substantive content of the notice.

{¶18} Further, Appellant argues that the referee impermissibly relied on information presented at the administrative hearing that was not contained in the notice of charges, in reaching her decision. While charge six generally alleged that Appellant's management style lacked integrity in that employees did not trust and feared Appellant and were treated unfairly, a review of the record indicates that there is a preponderance of reliable, probative and substantial evidence in the record to support this finding. For instance, Kim Gilbert, an employee who was specifically mentioned under charge two, testified that the work atmosphere was stressful, that Appellant was intimidating and threatening, that she was fearful, and that during one episode she thought Appellant was going to strike her. This testimony alone supports charge six as well as a portion of charge two. Additionally,

although charge six simply references "staff," Appellant knew who his staff members were.  Appellant could have attended the pre-disciplinary conference and could have clarified if he had a question, though he chose not to attend.   Further, he had two months to prepare for the administrative hearing during which he could have requested more specific information if he was unclear.

{¶19} Charges ten and eleven collectively alleged that Appellant violated county board attendance and work rules by falsely reporting that he was attending an out-of-office in-service during work hours when he was not, and by routinely failing to notify his administrative assistant of his location during work hours when he was not in the office.  These charges were straightforward and self-explanatory.  The trial court determined that these charges were proven in their entirety and we agree.  Thus, we cannot conclude that the trial court abused its discretion in finding that the record contains a preponderance of reliable, probative and substantial evidence to support the decision of the board.

{¶20} Appellant also argues certain testimony was introduced to support the allegations contained in charges two through five, that was not included in the notice of charges.  It is important to note that the trial court found only the allegations as to Kim Gilbert were proven as to charge two,

and Kim Gilbert's testimony supports this finding. Further, with respect to charge three, which related to Appellant's treatment of board members, the testimony of board member Linda Allen and county commissioner Tom Horst supports this finding. As to the fourth charge, which related to Appellant's treatment of county officials, the testimony of county commissioner Tom Horst and county prosecutor Anneka Collins supports this finding. Finally, with regard to the fifth charge, the trial court only found the portion of the charge relating to Appellant sending an inappropriate text message to employee Sherry Morrison's husband, Robert Morrison, to be proven. By Appellant's own testimony, the referenced text message was indeed sent. Thus, our review of the record indicates that the trial court did not abuse its discretion in finding the charges proven, as specified above, as the record contains a preponderance of reliable, probative and substantial evidence to support the decision of the board.

{¶21} Finally, Appellant argues that the trial court erred in denying his request for an additional evidentiary hearing. As set forth above, R.C. 5126.23(G) provides that on appeal to a court of common pleas, the court "shall examine the transcript and record of the hearing and shall hold such additional hearings as it considers advisable, at which it may consider other evidence in addition to the transcript and record." The statute fails to

provide specific guidance as to when it might be appropriate for a trial court to conduct additional hearings or consider additional evidence.  However, according to the plain language of the statute, the decision whether to consider additional evidence is at the discretion of the court.

{¶22} R.C. 5126.23(G) also provides that an appeal may be taken from a decision of a court of common pleas "pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."[4]  Further, Chapter 2506 governs appeals from orders of administrative officers and agencies.  R.C. 2506.01 "supplements the provision of Revised Code Sections 2505.01 to 2505.45." *Grimes v. City of Cleveland*, 17 Ohio Misc. 193, 194, 243 N.E.2d 777 (1969).  R.C. 2506.01 governs appeals from agencies of political subdivisions and specific guidance is provided in R.C. 2506.03 as to when additional evidence may be considered in an administrative appeal.  In the absence of clear guidance on this particular issue in R.C. 5126.23, we look to the language of R.C. 2506.03.

The pertinent portion of R.C. 2506.03 provides as follows:

"(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section

---

[4] Chapter 2505 of the Revised Code governs procedure to be followed on appeal.

2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:

(a) Present the appellant's position, arguments, and contentions;

(b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3) The testimony adduced was not given under oath.

(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision."

As noted by Appellee in its brief, Appellant did not argue any of these grounds applied at either the trial court level, or on appeal. Further, in light of our determination that Appellant was afforded the due process required under R.C. 5126.23 with respect to the notice of charges, coupled with the fact that Appellant received a two-day hearing before a referee in which he was represented by counsel, was permitted to cross examine witnesses, call witnesses on his behalf and present evidence, we cannot conclude that the trial court erred or abused its discretion in denying Appellant's request for an additional evidentiary hearing. Accordingly, Appellant's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

{¶23} In his second assignment of error, Appellant contends that the trial court erred by finding that Appellee terminated him for good cause, pursuant to R.C. 5126.23. As set forth above, R.C. 5126.23 governs the disciplinary procedure, required notice, referee determination and appellate procedure related to employees of county boards of developmental disabilities. R.C. 5126.23 provides in section (B) as follows:

> "An employee may be removed, suspended, or demoted in accordance with this section for violation of written rules set forth by the board or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or other acts of misfeasance, malfeasance, or nonfeasance."

We have already considered each charge contained in the notice of charges and determined that they sufficiently put Appellant on notice of the allegations being made against him and thus, that Appellant was not deprived of due process in this regard. Further, as part of that analysis, we reviewed the trial court's determinations as to which allegations were proven under each charge. While some of the allegations were not proven, a multitude of the allegations were proven. The ones that were proven, which

have been discussed in detail under Appellant's first assignment of error, more than demonstrate acts of dishonesty, as well as acts of misfeasance or malfeasance, which under R.C. 5126.23(B), constitute grounds for removal.

{¶24} Additionally, as noted above, Appellant's actions violated official board policies, specifically the code of conduct and work attendance rules, which were expressly referenced in Appellant's employment contract. Thus, we cannot conclude that the trial court abused its discretion by finding that Appellee board terminated him for good cause, pursuant to R.C. 5126.23.  Accordingly, Appellant's second assignment of error is overruled.

{¶25} Having found no merit in the assignments of error raised by Appellant, and having found that the board's decision to terminate Appellant was supported by a preponderance of reliable, probative and substantial evidence, the trial court did not abuse its discretion in upholding the decision of the board.  As such, the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court,

BY:  _____
Matthew W. McFarland
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**