[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stewart v. Lockland School Dist. Bd. of Edn.*, Slip Opinion No. 2015-Ohio-3839.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3839

STEWART, APPELLANT, *v*. LOCKLAND SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Stewart v. Lockland School Dist. Bd. of Edn.*, Slip Opinion No. 2015-Ohio-3839.]

*Open Meetings Act—A public employee can require that a hearing about his or her employment status be held in public under R.C. 121.22(G)(1) only when the employee is otherwise entitled to a public hearing—Employee may have been otherwise entitled to a hearing, but not a public one— Judgment affirmed.*

(No. 2014-0164—Submitted March 10, 2015—Decided September 24, 2015.)

APPEAL from the Court of Appeals for Hamilton County, No. C-130263, 2013-Ohio-5513.

_____

**PFEIFER, J.**

{¶ 1} The issue in this case is whether Ohio's Open Meetings Act, R.C. 121.22, required appellee, the Lockland School District Board of Education ("Lockland"), to hold the pretermination hearing of appellant, Adam Stewart, in public. For the reasons that follow, we conclude that it did not. Accordingly, we affirm the judgment of the court of appeals, which affirmed the trial court's grant of summary judgment in favor of Lockland.

## BACKGROUND

{¶ 2} Lockland received notice from the Ohio Department of Education that district employees had improperly reported false student-attendance data to improve their district's state report card for the 2010-2011 school year. Lockland's investigation implicated Stewart, whom the district employed as a data coordinator, a nonteaching position.

{¶ 3} Following the investigation, Lockland held a meeting during which it adjourned into executive session pursuant to R.C. 121.22(G)(1), which permits a public body to privately consider the dismissal of a public employee. Stewart's counsel joined the executive session. After that meeting, Lockland sent a written notice to Stewart stating that it would consider his status as an employee at an upcoming special meeting to be held pursuant to R.C. 3319.081, which governs nonteaching employment contracts.

{¶ 4} When it held the special meeting, Lockland again stated its intention to adjourn into executive session pursuant to R.C. 121.22(G)(1). Stewart's counsel objected, stating that Stewart was exercising his right to have his employment discussed publicly. Lockland rejected this objection and entered into executive session. Lockland later reconvened in open session, where Stewart and his counsel made a public presentation against Stewart's termination. Following the presentation, Lockland entered into another executive session, later emerging to publicly pass a resolution terminating Stewart's contract.

**{¶ 5}** Stewart received notice that his contract had been terminated and that he had ten days to file an appeal with the Hamilton County Court of Common Pleas. Stewart timely filed his appeal, asserting that Lockland had violated the Open Meetings Act.

**{¶ 6}** The trial court granted Lockland's motion for summary judgment. The court of appeals affirmed, stating that "an employee can only prohibit a public body from holding an executive session when the employee is statutorily entitled to a hearing." *Stewart v. Lockland School Dist. Bd. of Edn.*, 1st Dist. Hamilton No. C-130263, 2013-Ohio-5513, ¶ 15. The court of appeals also stated that *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), did not grant Stewart the right to require that the entire pretermination hearing be held in public. *Stewart* at ¶ 16.

**{¶ 7}** We granted Stewart's discretionary appeal. 138 Ohio St.3d 1492, 2014-Ohio-2021, 8 N.E.3d 963.

## ANALYSIS

**{¶ 8}** The Open Meetings Act grants to the public broad access to meetings of public bodies. The act "shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). Even so, R.C. 121.22(G) allows public bodies to meet in executive session, which is not open to the public, to discuss, among other things, the dismissal of a public employee "unless the employee requests a public hearing." R.C. 121.22(G)(1).

**{¶ 9}** In *Matheny v. Frontier Local Bd. of Edn.*, 62 Ohio St.2d 362, 367, 405 N.E.2d 1041 (1980), we stated that R.C. 121.22(G)(1) was intended to bring the Open Meetings Act into conformity with existing statutes that governed teacher employment, not to provide a substantive right to a public hearing where there had been none previously. We held that a tenured teacher has the right to a

public hearing before a contract is terminated or not renewed. *Id*. at 365-366. We found the source of this right in R.C. 3319.16, which governs employment of tenured teachers. In direct contrast, we found no equivalent statutory guarantee applicable to nontenured teachers and held that they are not entitled to a public hearing and that the school board may deliberate about their terminations in private. *Id.* at 367-368.

{¶ 10} Stewart is a nontenured, nonteaching employee. Accordingly, R.C. 3319.081 governs Stewart's employment. R.C. 3319.081(C) provides that contracts of nonteaching school employees

> may be terminated by a majority vote of the board of education * * * for violation of written rules and regulations as set forth by the board of education or for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance.

*Matheny* makes clear that R.C. 3319.081, which contains no reference to a public hearing, did not entitle Stewart to have his entire pretermination hearing held in public. *See Matheny* at 366-367. Neither, as far as we can determine, did any other statute.

{¶ 11} Stewart argues, however, that he was entitled to a public hearing under *Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494. In *Loudermill*, a case that just happened to involve Ohioans, the United States Supreme Court stated that an "essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' " *Id.* at 542, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The court

4

further stated that an individual who has a property right in his employment is entitled to a pretermination "hearing," though that hearing need not be "elaborate" and "need not definitively resolve the propriety of the discharge." *Id.* at 545. The court concluded that a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id.* at 546.

{¶ 12} Stewart claims that a public employee can request a public hearing any time a hearing is authorized by law, that he was entitled to a hearing under *Loudermill*, and that Lockland was therefore required to conduct that hearing entirely in public upon request. We disagree. Even if Stewart possessed a property right in his employment and was entitled to a *Loudermill* pretermination hearing, there was no requirement that the hearing be elaborate or in public, so long as it comported with due process.

{¶ 13} Here, Stewart and his counsel had notice of the special meeting regarding his employment, and they appeared before Lockland prior to its adjournment into executive session. Stewart and his counsel availed themselves of the opportunity, then and again when Lockland reconvened in open session, to persuade Lockland to retain him as an employee and to refrain from any adverse action.

{¶ 14} *Loudermill* does not entitle a public employee to have his or her entire pretermination hearing held in public. *See* 470 U.S. at 542, 105 S.Ct. 1487, 84 L.Ed.2d 494. Stewart received due process: he had notice of the special meeting regarding his employment status and an opportunity to be heard at that meeting. Nothing prevented Lockland from thereafter adjourning into executive session to deliberate upon its decision.

### Conclusion

{¶ 15} A public employee can require that a hearing about his employment status be held in public under R.C. 121.22(G)(1) only when the

employee is otherwise entitled to a public hearing. In this case, Stewart may have been otherwise entitled to a hearing, but not a public one. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents and would dismiss the cause as improvidently allowed.

_____

Kircher Law Office, L.L.C., Konrad Kircher, and Ryan J. McGraw, for appellant.

Bricker & Eckler, L.L.P., David J. Lampe, and Kate V. Davis, for appellee.

The Gittes Law Group, Frederick M. Gittes, and Jeffrey P. Varado, urging reversal for amicus curiae, Ohio Employment Lawyers Association.

Isaac, Wiles, Burkholder & Teetor, L.L.C., Mark Landes, and Mark H. Troutman, urging affirmance for amicus curiae, Ohio School Boards Association.

_____