[Cite as *Hobbs v. Pickaway-Ross Career & Technology Ctr. Bd. of Edn.*, 2022-Ohio-921.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| JON HOBBS, | : | |
| | : | Case No. 21CA3746 |
| Appellant-Appellant, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| PICKAWAY-ROSS CAREER AND TECHNOLOGY CENTER BOARD OF EDUCATION, et al., | : | |
| | : | **RELEASED: 03/21/2022** |
| Appellees-Appellees. | : | |

APPEARANCES:

Dennis L. Pergram, Manos, Martin & Pergram Co., L.P.A., Delaware, Ohio, for Appellant.

James K. Stucko, Jr., and Derek L. Towster, Scott Scriven, L.L.P., Cleveland, Ohio, for Appellees.

Wilkin, J.

{¶1} Appellant, Jon Hobbs, appeals the Ross County Court of Common Pleas judgment affirming a decision by appellee, Pickaway-Ross Career and Technology Center Board of Education that terminated appellant's employment as a custodian.

{¶2} Appellant presents four assignments of error for our review. First, appellant asserts the trial court erred by finding a reason for termination that was contrary to the reason stipulated by the parties. Second, appellant argues that the trial court erred by not reversing the termination order because it was not supported by a preponderance of reliable, probative and substantial evidence. Third, appellant maintains that the trial court erred by not reversing the arbitrary,

capricious, and unreasonable termination by the appellee and applied the incorrect standard of review. Fourth, appellant claims that the trial court erred by not finding that the appellee's termination of his employment was unconstitutional. After reviewing the parties' arguments, the record, and the applicable law, we overrule appellant's four assignments of error, and affirm the trial court's judgment.

FACTS AND PROCEDURAL BACKGROUND

{¶3} Appellant had been employed as a custodian for the appellee starting on June 13, 2016 in accordance with R.C. 3319.081. On August 22, 2018, appellant had an incident with two of appellee's teachers. Appellant sought out and confronted one of the teachers for putting tape on the floor of her classroom. He was angry because the tape got caught in his sweeper. The two teachers co-authored a written statement complaining of appellant's conduct on that date, claiming that he cursed because of the tape, but stopped short of calling the teacher the third letter in the alphabet, which the second teacher interpreted to mean "c _ _t." Appellant authored his own written statement that provided his version of what occurred, claiming that he apologized for sweeping up the tape and did not say anything inappropriate or sexual in nature. Appellee's superintendent met with all three individuals to discuss the incident. Subsequently, the superintendent recommended that appellee terminate appellant's employment. Appellee issued a resolution terminating appellant's employment for incompetency, inefficiency, dishonesty, neglect of duty, misfeasance, malfeasance, and nonfeasance at its September 13, 2018

meeting.

**{¶4}** Appellant appealed the appellee's decision to the court of common pleas pursuant to R.C. Chapter 2506. In his brief before that court, appellant asserted three assignments of error: (1) the appellee terminated his employment without any fact finding, which made a meaningful review of appellee's decision impossible, (2) his due process rights were violated because he did not receive notice of the charges against him; there was no transcript of the administrative proceedings, he was not afforded an opportunity to present evidence, or witnesses; and he was not permitted to attend the meeting where the appellee voted to terminate his employment, and (3) the appellee erroneously labeled appellant as a "substitute." However, prior to the court's consideration of appellant's appeal, the parties in pertinent part stipulated to the following:

- Appellant's employment was in accordance with R.C. 3319.081.

- "Appellant's termination of employment by Appellee was based solely on an incident involving Appellant and two of Appellee's teachers that occurred on August 22, 2018."

- "The August 22, 2018 incident is described in two written statements." One was co-authored by two of appellee's teachers, and the other was authored by appellant. Both statements were part of the transcript on appeal.

- Appellee's superintendent met individually with both teachers and appellee regarding the incident and the superintendent recommended to the appellee that appellant's employment be terminated.

- Appellee terminated appellant's employment in accordance with R.C. 3319.081 for incompetency, inefficiency, dishonesty, neglect of duty, misfeasance, malfeasance, and nonfeasance.

- Both parties agreed to "waive any and all arguments regarding procedural issues and requirements that were not followed or properly provided."

- The parties agreed to "jointly submit the following issue to the Court for a bench decision: 'Whether Appellee's decision to terminate appellant was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence.' "

- "No additional documents or evidence will be submitted with trial briefs[.]"

{¶5} The court issued a judgment entry that found there *was not* a preponderance of reliable, probative and substantial evidence that appellant was incompetent, inefficient, neglected his duties, or acted with nonfeasance or misfeasance.  However, the court further found that there *was* a preponderance of reliable, probative and substantial evidence that appellant acted with malfeasance and was dishonest and on that basis affirmed the appellee's termination of appellant's employment.

{¶6} In addressing appellee's malfeasance determination, the court found that malfeasance means "wrongdoing or misconduct, especially by a public official."  The trial court found no evidence that appellant called one of appellee's

teachers a "c_ _t," but stated that "misses the greater point."  The court found that there was "a preponderance of reliable, probative, and substantial evidence that appellant: (1) initiated a conversation with a female teacher, (2) expressed his displeasure at her having placed tape on the floor, and (3) indicated that he had cursed her for doing it."  The court concluded that if the statement by the teachers is "taken at face value, there is a preponderance of evidence that appellant engaged in wrongdoing or misconduct."  Specifically, the court found "[t]he manner in which appellant approached [the teacher], and the context of what he said to her, left [her] shaken, and with the impression – whether accurate or not – that appellant had directed a crude remark to her."  Therefore, the court affirmed the appellee's decision to terminate appellant's employment based on malfeasance, which it found was "wrongdoing or misconduct."

{¶7} In addressing appellee's dishonesty determination, the court recognized that it was required to give deference to an administrative resolution of evidentiary conflicts.  The trial court noted that the written statements by appellant and the teachers recounted the incident "differently."  It further found that appellee's superintendent had the opportunity to observe the demeanor of appellant and the teachers while meeting with them regarding the incident, and that the appellee concluded that appellant's account was not truthful in stating what happened during his encounter with the teachers.  Therefore, the court also affirmed appellee's termination of appellant based on his dishonesty.

**{¶8}** Accordingly, the trial court found two of the five reasons cited by appellee for terminating appellant were supported by the evidence, and therefore affirmed appellant's termination.  It is this judgment that appellant appeals.

ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY
       FINDING A REASON FOR THE TERMINATION THAT WAS
       CONTRARY TO THE REASON STIPULATED BY THE PARTIES.

II.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN
       NOT REVERSING THE TERMINATION ORDER BECAUSE THE
       TERMINATION WAS NOT SUPPORTED BY A
       PREPONDERANCE OF RELIABLE, PROBATIVE AND
       SUBSTANTIAL EVIDENCE.

III.   THE TRIAL COURT COMMITTED PREJUCIAIL ERROR BY NOT
       REVERSING THE ARBITRARY, CAPRICIOUS, AND
       UNREASONABLE TERMINATION BY THE APPELLEEAND
       APPLIED THE INCORRECT STANDARD OR REVIEW.

IV.    THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY
       NOT FINDING THAT THE BOARD'S TERMINATION OF MR.
       HOBB'S EMPLOYMENT WAS UNCONSTITUTIONAL

STANDARD OF REVIEW

**{¶9}** "R.C. 3319.081 governs the termination of non-teaching employees of a local school board."  *Durham v. Pike Cty. Joint Vocational Sch.*, 150 Ohio App. 3d 148, 779 N.E.2d 1051, ¶ 17 (4th Dist.), citing *Proctor v. Alliance Pub. School Dist. Bd. of Edn.*, 60 Ohio App.2d 396, 398 N.E.2d 805 (5th Dist. 1978), fn. 2.  R.C. 3319.081(C) provides that non-teaching employees may "only be terminated for cause" (e.g., incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, or any other acts of misfeasance, malfeasance, or nonfeasance), which means that the employee has a property right in his or her employment, and

therefore must be afforded pre and post termination due process rights.  *Stewart v. Lockland Sch. Dist. Bd. of Edn.*, 1st Dist. Hamilton No. C-130263, 2013-Ohio-5513, ¶ 8.  If an employee is afforded post-termination administrative procedures, the pre-termination procedures need not be elaborate, and "[do] not require a full evidentiary hearing."  *Id.*, citing *Cleveland Bd. of Edn. v. Loudermill,* 470 U.S. 532, 545-548, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).  "[W]here adequate post-termination proceedings are in place to protect the employee's property interest, the pre-termination process must meet only a barest minimum standard of due process."  *Green v. Vill. of Buckeye Lake*, 5th Dist. Licking No. 01CA106, 2002-Ohio-2543, *4.

{¶10} "Because R.C. 3319.081 does not set forth specific procedures for appeal, the trial court must follow the procedures set forth in R.C. Chapter 2506 to conduct the appeal."  *Durham* at ¶ 17, citing *Robinson v. Springfield Local School Dist. Bd. of Edn.*, 144 Ohio App.3d 38, 42, 759 N.E.2d 444 (9th Dist. 2001).

> R.C. 2506.03 specifically provides that if an appellant was not permitted to appear at the administrative level and allowed to present arguments, offer and examine or cross-examine witnesses or present evidence, and do all such other things customarily allowed by due process, the court "shall hear the appeal upon the transcript and such additional evidence as may be introduced by the party."

*Id.* at 31, citing *Lewis v. Fairborn*, 116 Ohio App.3d 602, 604, 688 N.E.2d 1082 (2d Dist.1996), quoting R.C. 2506.03; *see also AT&T Commc'ns of Ohio, Inc. v. Lynch*, 132 Ohio St. 3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 13.

These deficiencies must appear on the face of the transcript, or be asserted in an affidavit by the appellant.  R.C. 2506.03(A).  If not, the common pleas court is

limited to reviewing "the transcript as filed[.]"  *Lynch* at ¶ 13, quoting *Court Street Dev. v. Stow City Council,* 9th Dist. No. 19648, 2000 WL 1226604, *4 (Aug. 30, 2000).

{¶11} In reviewing an administrative decision, "the common pleas court considers the whole record and determines whether the administrative order is 'unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.' " *Independence v. Office of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, ¶ 13, quoting R.C. 2506.04.  If the court finds "a preponderance of reliable, probative, and substantial evidence supports the administrative decision, * * * the court may not substitute its judgment for that of the board."  *Id.*, citing *Dudukovich v. Lorain Metro. Hous. Auth.,* 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).  "If it does not, the court may reverse, vacate or modify the administrative decision."  *Id.*

{¶12} "As contrasted with reviews by common pleas courts, reviews by appellate courts under R.C. 2506.04 are ' "more limited in scope." ' "  *Three Wide Ent. v. Athens Bd. of Zoning Appeals*, 194 Ohio App. 3d 1, 954 N.E.2d 191, ¶ 9 (4th Dist.), quoting *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), quoting *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).  "While the court of common pleas is required to examine the evidence, the court of appeals may not weigh the evidence."  *Shelly Materials, Inc. v. City of Streetsboro Plan. & Zoning Comm'n*, 158 Ohio St.3d 476, 2019-Ohio-4499, 145 N.E.3d 246, ¶ 17, citing *Independence*, 142 Ohio

St.3d 125, 2014-Ohio-4650, 28 N.E.3d 1182, at ¶ 14.  "[T]he role of an appellate court in a R.C. 2506.01 appeal is limited to reviewing questions of law, which the court reviews de novo, and to determining whether the trial court abused its discretion in applying the law." *Fahl v. Athens*, 4th Dist. Athens No.  6CA23, 2007-Ohio-4925, ¶ 13, citing *Kisil* at 34, fn.4; *Lawson v. Foster*, 76 Ohio App.3d 784, 603 N.E.2d 370 (2d Dist. 1992).

> Apart from deciding purely legal issues, the court of appeals can determine whether the court of common pleas abused its discretion, which in this context means reviewing whether the lower court abused its discretion in deciding that an administrative order was or was not supported by reliable, probative, and substantial evidence.

*Shelly Materials* at ¶ 17, citing *Boice v. Ottawa Hills*, 137 Ohio St.3d 412, 2013-Ohio-4769, 999 N.E.2d 649, ¶ 7, citing *Kisil*, at 34.

{¶13} An abuse of discretion means that the "trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment."  *Id.*, citing *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).  Absent an abuse of discretion, "we must affirm the judgment of the trial court."  *Biggert v. Highland Cty. Bd. of Dev. Disabilities*, 4th Dist. Highland No. 12CA19, 2013-Ohio-2112, ¶ 11, citing *Benincasa v. Stark County Board of MRDD,* 5th Dist. Stark No. 2003CA00350, 2004-Ohio-4941, ¶ 19, citing *Doll v. Stark County Board of MRDD,* 5th Dist. Stark No. 2001 CA00255, 2001-Ohio-7052; citing *Unit. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.,* 63 Ohio St.3d 339, 344, 587 N.E.2d 835 (1992).

FIRST ASSIGNMENT OF ERROR

{¶14} In the first assignment of error, appellant argues that the trial court improperly considered issues beyond the scope of the parties' stipulations by affirming the appellee's determination of dishonesty.  Appellant relies on the stipulated language, which states that "[his] termination of employment by appellee was based *solely* on an incident involving appellant and two of appellee's teachers that occurred on August 22, 2018." (Emphasis added.).  He claims that a determination of dishonesty could arise only from considering the written statements by appellant and appellee's employees, which were drafted *after* the August 22nd incident.  Appellant further maintains that "[a]lthough the trial court erred in considering the written statements there does not appear to be any dishonesty in [his] written statement but, rather, in his written statement and the teacher's written statement, a failure to set forth in precise detail what was said from beginning to end."

{¶15} In response, appellee argues that the trial court's decision affirming that appellant acted dishonest was consistent with the stipulations, citing the following language:

> [The parties] agree to jointly submit the following issue to the Court for a bench decision:
>
> "Whether Appellee's decision to terminate appellant was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence."

Appellee asserts that this language required the trial court to consider the "evidence," which included the parties' written statements, and the appellee

determined that the teachers' position was more credible leading to its conclusion that appellant was dishonest.

**{¶16}** A stipulation is "a voluntary agreement entered into between opposing parties concerning the disposition of some relevant point to avoid the necessity for proof on an issue." *Crow v. Nationwide Mut. Ins. Co.*, 2004-Ohio-7117, 159 Ohio App. 3d 417, 824 N.E.2d 127, ¶ 18, quoting *Rice v. Rice*, 8th Dist. Cuyahoga App. No. 78682, 2001 WL 1400012, (Nov. 8, 2001) * 4. "It is the duty of the court to construe the written stipulations of parties, and in doing so to adopt as the true meaning of words, the definitions of them according to which they are generally understood, the presumption being that the parties intended to use them in that sense." *Holterhoff v. Mut. Benefit Life Ins. Co.*, 5 Ohio Dec.Rep. 141, 149, 1874 WL 5359 (Super.Ct.1874), *see also Columbus S. Power Co. v. Pub. Util. Comm.*, 67 Ohio St. 3d 535, 620 N.E.2d 835 (1993).

**{¶17}** In pertinent part the parties' stipulations provide:

> 4) Appellant's termination of employment by Appellee was based *solely* on an incident involving Appellant and two of Appellee's teachers that occurred on August 22, 2018.

> * * *

> 10) Appellant and Appellee agree to jointly *submit the following issue* to the Court for a bench decision"
> "Whether Appellee's decision to terminate Appellant was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence." (Emphasis added.)

**{¶18}** When section 4 of the stipulations is read in context with section 10, we find the only reasonable interpretation is that the parties intended the court to consider only the incident that occurred on August 22, 2018, *and* the evidence

pertaining to that incident, which was presented to the appellee.  To adopt appellant's interpretation of the stipulations would effectively nullify the language in section 10, which provides that the court was to determine whether there is a "preponderance of substantial, reliable and probative evidence" supporting the appellee's decision.  The written statements were evidence pertaining to the incident.  Appellant's overly narrow interpretation of what "solely" occurred on the August 22nd incident is unreasonable as it would have effectively precluded the court from reviewing evidence in this case.

{¶19} Therefore, we find that the trial court did not err in deciding that the stipulations permitted it to consider the evidence presented regarding the August 22, 2018 incident, which included the written statements.  Accordingly, we overrule appellant's first assignment of error.

## SECOND ASSIGNMENT OF ERROR

{¶20} In his second assignment of error, appellant asserts that the trial court's decision affirming his termination was not supported by a preponderance of reliable, probative, and substantial evidence.  Our review is whether the trial court abused its discretion in finding that such evidence existed and supported the appellee's decision.  *Shelly Materials,* 158 Ohio St. 3d 476, 2019-Ohio-4499, 145 N.E.3d 246, ¶ 17.

### A.  The Evidence

{¶21} Appellant admits that he had a "conversation" with a teacher and "expressed his displeasure at her having placed tape on the floor[,]" but he argues that there was not a preponderance of reliable, probative, and substantial

evidence that he "had cursed" at the teacher for putting the tape on the floor as the trial court found. Rather, he "cursed the circumstance that occurred while he was sweeping the floor." On this basis, he appears to argue that the trial court's decision was not supported by a preponderance of substantial, reliable, and probative evidence.

{¶22} In response, appellee argues that the trial court determined from the evidence that it was more likely than not that appellant had cursed at the teacher for placing the tape on the floor. Moreover, appellee maintains that the court found that ultimately it was immaterial whether or not appellant called the teacher a "c_ _ t." Rather, appellee asserts that the trial court's decision upholding the termination was based on the manner in which appellant approached the teacher that left her shaken and believing that he had made a crude remark toward her.

{¶23} Appellee also notes that appellant does not make any argument that the trial court's conclusion that appellant's termination for dishonesty was unsupported by a preponderance of probative, reliable, and substantial evidence. Appellee argues that the trial court's decision can be affirmed on this ground alone.

{¶24} " ' "Reliable" evidence is dependable or trustworthy; "probative" evidence tends to prove the issue in question and is relevant to the issue presented; and "substantial" evidence carries some weight or value.' " *Ohio Univ. v. Ohio Civ. Rts. Comm.*, 175 Ohio App. 3d 414, 2008-Ohio-1034, 887 N.E.2d 403, ¶ 57 (4th Dist.), quoting *Case W. Res. Univ.,* 76 Ohio St.3d 168, 178, 666 N.E.2d 1376, citing *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d

570, 571, 589 N.E.2d 1303 (1992). Preponderance of the evidence has been defined as " 'evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; * * * evidence which is more credible and convincing to the mind.' " *Williams v. Mosser*, 6th Dist. Sandusky No. S-96-051, 1997 WL 771565, *2, quoting Black's Law Dictionary (6 Ed.Rev.1990). Therefore, in assessing whether there is a preponderance of evidence, " '[i]t is the quality of the evidence that must be weighed, and quality may or may not be identical with the quantity or the greater number of witnesses.' " [brackets sic.] *Johnson v. Am. Italian Golf Ass'n of Columbus*, 2018-Ohio-2100, 113 N.E.3d 1144 (10th Dist.), ¶ 22, quoting *State v. Levonyak*, 7th Dist. Mahoning No. 05 MA 227, 2007-Ohio-5044, ¶ 58. And "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad*, 63 Ohio St. 2d 108, 111, 407 N.E.2d 1265 (1980). However, the findings of the agency are by no means conclusive. If the court, in reviewing the evidence, "determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate, or modify the administrative order." *Id.*

{¶25} The court found no evidence appellant called the teacher a "c_ _t," but went on to state that "misses the greater point," and did not preclude the appellee from finding malfeasance. Instead, the court found that there was a preponderance of reliable, probative and substantial evidence that appellant "(1) initiated a conversation with a female teacher, (2) expressed his displeasure at

her having placed tape on the floor, and (3) indicated that he had cursed her for doing it." The court further found that if the teachers' statement "is taken at face value, there is a preponderance of evidence that appellant engaged in wrongdoing or misconduct." The court found that it was the "manner in which appellant approached [the teacher], and the context of what he said to her, left [the teacher] shaken, and with the impression - whether accurate or not - that appellant had directed a crude remark to her."

{¶26} In his statement, appellant said that he apologized to the teacher for sweeping up the tape off her classroom floor, and further stated "I was joking about saying things when I was cutting the tape out of the sweeper." However, in contrast, the teachers' statement indicated that appellant stated to them: "So, have you decided to be rebellious?" The statement further indicated that he said "shit" regarding the tape getting caught in the sweeper, and "stopped short of calling [the teacher] the third letter of the alphabet," which the second teacher interpreted as meaning "c_ _ t."

{¶27} Both statements corroborate that appellant and the teacher spoke to each other on August 22, 2018, but the appellee had authority to assess the credibility of the statements and determine, which, if either, was reliable or credible. Accepting that the appellee found the teachers' statement more credible, even without speculating what appellant meant by not "calling [the teacher] the third letter of the alphabet," there is evidence that appellant acted in a hostile, confrontational manner when speaking to the teacher, and could support a claim of malfeasance (wrongdoing) by appellant. Therefore, we find

that the trial court did not abuse its discretion in finding that the appellee's decision was supported by a preponderance of reliable, probative, and substantial evidence supporting the appellee's decision.

### B. Additional Considerations

**{¶28}** Appellant next argues that in most circumstances a public-school employee should be afforded an opportunity to change their behavior, citing *Bertolini v. Whitehall City Sch. Dist. Bd. of Edn.*, 139 Ohio App. 3d 595, 744 N.E.2d 1245 (10th Dist. 2000). He further claims that in most circumstances (except in cases involving serious offenses, such as sexual relationships with students, embezzlement, felonies, and offenses of violence), a school board is required to consider an employee's record before terminating his or her employment, citing *Katz v. Maple Hts. City Sch. Dist. Bd. of Edn.*, 87 Ohio App. 3d 256, 622 N.E.2d 1 (8th Dist. 1993), *Johnson v. Edgewood City Sch. Dist. Bd. of Edn.*, 12th Dist. Butler No. CA2008-09-215, 2009-Ohio-3827, and *Stalder v. St. Bernard-Elmwood Place City Sch. Dist.*, 1st Dist. Hamilton No. C-090632, 2010-Ohio-2363. Finally, appellant maintains that appellee's policy No. 4139 "protected [him] from discipline that is disproportionate to the complained conduct."

**{¶29}** "A failure to raise an issue during an administrative appeal before the common pleas court operates as a waiver of the party's right to assert the issue for the first time to an appellate court." *Gross Builders v. City of Tallmage,* 9th Dist. Summit No. 22484, 2005-Ohio-4268, ¶ 36, citing *Thrower v. Akron Dept. of Public Hous. Appeals Bd.,* 9th Dist. Summit No. 20778, 2002-Ohio-3409, ¶ 20,

citing *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993).

{¶30} In reviewing the brief that appellant filed in the common pleas court, there is no argument that the appellee should have afforded him an opportunity to change his behavior, considered his employment record before terminating him, or that termination of his employment was an excessive punishment.  By failing to do so, appellant waived those issues in his appeal to this court.

{¶31} Therefore, because these issues were not raised by appellant in his administrative appeal to the common pleas court, they are waived in his appeal to this court.  Accordingly, we overrule appellant's second assignment of error.

## THIRD ASSIGNMENT OF ERROR

{¶32} In his third assignment of error, appellant argues that the appellee's decision to terminate his employment was arbitrary, capricious, and unreasonable.

### A.  Gross Negligence

{¶33} Appellant asserts that appellee "grossly neglected" its duty in deciding to terminate appellant's employment.  In support, appellant cites the fact that the appellee needed only ten minutes to decide that he should be terminated.  He also alleges that the face of the appellee's resolution terminating his employment cites contradictory grounds for his termination. He maintains that these actions/inactions by the appellee violated his due process rights.

{¶34} In response, the appellee claims that it conducted an investigation and provided appellant an opportunity to respond to the allegation before

convening and deciding to terminate him, which is sufficient pre-termination due process.

**{¶35}** It appears that appellant is arguing that the appellee's deliberation during the pre-termination hearing was insufficient to afford him due process. The parties' stipulations "agree[d] to waive any and all arguments regarding procedural issues and requirements that were not followed or properly conducted."  Consequently, we find that appellant has waived his "gross negligence" argument.

**{¶36}** Further, we find the mere fact that the appellee's deliberation was brief and found numerous grounds to support appellant's termination, some which were overturned by the trial court, is insufficient for use to conclude that the trial court abused it discretion in affirming the appellee's decision to terminate appellant for purposes of pre-termination due process.

B.  Executive Session

**{¶37}** Appellant also argues that his due process rights were violated when the appellee went into executive session to determine his termination without his presence.  We also find that this issue was waived pursuant to the parties' stipulations.  Moreover, for purposes of pre-termination due process, the Supreme Court has held that if a non-teaching employee is afforded notice and an opportunity to be heard, "nothing prevent[s] [a school board] from thereafter adjourning into executive session to deliberate upon its decision."  *Steward v. Lockland School Dist. Bd. Of Edn.*, 144 Ohio St. 3d 292, 2015-Ohio-3839, 42 N.E.3d 730, ¶ 13.

**{¶38}** Therefore, we find that the trial court did not abuse its discretion in finding that the appellee's decision to terminate appellant's employment was supported by a preponderance of probative, reliable, and substantial evidence, as well the parties' stipulations, which waived appellant's due process argument.

### C. Standard of Review

**{¶39}** Appellant also maintains that the common pleas court applied the wrong standard of review to the extent that it stated it must "presume the validity of the administrative decision." Appellant argues that the presumption-of-the-validity-of-an-administrative-decision standard of review applies only when an appellant alleges an "irregularity of the proceedings below." Therefore, appellant claims that the trial court erroneously believed that its review of the appellee's decision was unduly limited.

**{¶40}** In response, appellee maintains that the trial court employed the proper standard of review. In support, the appellee cites the Supreme Court case, *Cmty. Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals*, 66 Ohio St. 3d 452, 456, 1993-Ohio-115, 613 N.E.2d 580.

**{¶41}** In its entirety, the trial court herein applied the following standard of review:

> "In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption that the board's determination is valid, and the appealing party bears the burden of showing otherwise." A.M.R. v. Zane Trace Loc. Bd. Of Edn., 2012-Ohio-2419 (4th Dist.). The Court of Common Pleas must 'weigh the evidence in the record * * * to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision." Dudukovich v. Lorain Metropolitan Housing Authority, 58 Ohio St.2d 202 (1979). If a preponderance of evidence exists, the

Court must affirm the decision; if it does not exist, the Court may reverse, vacate, modify, or remand. Id.

**{¶42}** In *Concerned Citizens*, the Court addressed the standard of review regarding the appeal of an administrative decision:

> In reviewing appellee's decision, a court is bound by the nature of administrative proceedings to *presume* that the decision of the administrative agency is *reasonable* and *valid*. Courts evaluating the decision of an administrative body must weigh the evidence in the record in order to determine whether there is a preponderance of reliable, probative, and substantial evidence supporting the decision. (Internal citations omitted, emphasis added)

66 Ohio St. 3d 452, 456, 1993-Ohio-115, 613 N.E.2d 580, citing R.C. 2506.04, *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 207, 389 N.E.2d 1113 (1979).

**{¶43}** The standard set out in *Concerned Citizens* is the same standard of review that the trial court relied upon herein. Furthermore, the trial court's action of vacating several of the bases that the appellee relied upon in terminating appellant's employment reflects that it understood that it had the ability to reverse an agency's decision if there was insufficient evidence to support it. Therefore, we find appellant's argument that the trial court applied the wrong standard of review lacks merit.

**{¶44}** Accordingly, we overrule appellant's third assignment of error.

FOURTH ASSIGNMENT OF ERROR

**{¶45}** In his fourth assignment of error, appellant argues that the common pleas court erred in not finding his termination by the appellee unconstitutional. Appellant asserts that he was not afforded adequate pre-termination due process consistent with *Loudermill,* in light of the fact that he was "not afforded any post-

termination administrative procedures." [16] He complains that he was not afforded a hearing conducted by a referee to consider the evidence, and issue a written decision with a recommendation to the appellee regarding appellant's employment. He claims that he should have a right to appeal appellee's decision terminating his employment to the Civil Service Commission or the State Personnel Board of Review, citing R.C. 3319.16.

**{¶46}** In response, the appellee first argues that appellant waived this due process argument pursuant to the parties' stipulations. The appellee also contends that appellant's termination was not unconstitutional. The appellee maintains that under *Loudermill* due process required that appellant receive written notice of the charges leveled against him, and an opportunity to present his side of the story. The appellee claims that its resolution of appellant's case demonstrates that he received notice of the charges, an explanation of appellee's evidence, and an opportunity to present his side of the story that was sufficient to satisfy pre-termination due process requirements.

**{¶47}** We agree with appellee and find that appellant has waived this due process argument pursuant to the parties' stipulations, which in pertinent part provide that he agreed to "*waive any and all arguments* regarding *procedural issues* and *requirements* that were not followed or properly provided." (Emphasis added.).

**{¶48}** Even addressing the merits of appellant's due process argument, it fails for several reasons. First, R.C. 3319.16, cited by appellant, affords *teachers*, who are terminated from employment, a hearing before a referee.

Appellant was not a teacher. Therefore, as a custodian, appellant had no right to a hearing before a referee. Second, "[t]he Supreme Court in *Loudermill* concluded that a minimal opportunity to be heard at a pre-termination hearing is sufficient where the employee is entitled to a full evidentiary hearing post-termination, either by an administrative agency or upon further *administrative appeal*." (Emphasis added.) *Robinson v. Springfield Loc. Sch. Dist. Bd. of Educ.*, 144 Ohio App. 3d 38, 40–52, 759 N.E.2d 444 (9th Dist. 2001), citing *Loudermill* at 547, 105 S.Ct. at 1496, 84 L.Ed.2d at 507, fn. 12. A non-teaching employee, who is terminated from employment, is afforded post-termination due process in a R.C. 2506-appeal to the common pleas court, in which the appellant can present arguments, offer and examine witnesses, cross examine witnesses, offer evidence, etc., if pre-termination due process did not permit such proceedings. *See Durham*, 150 Ohio App. 3d 148, 2002-Ohio-6300, 779 N.E.2d 1051, ¶ 31 (4th Dist.); *see also Robinson*,44-45.

{¶49} Consistent with this body of law, appellant had an opportunity to seek a more comprehensive post-termination due process in his appeal of the appellee's decision to the common pleas court. However, the record does not reveal that appellant sought to admit additional evidence, call witnesses, etc., during his "appeal." Rather, he expressly waived his right to submit additional evidence in stipulating "[n]o additional documents or evidence will be submitted with trial briefs[.]"

{¶50} Having waived his right to raise due process issues or to submit additional evidence in his administrative appeal, we find appellant's argument

that the trial court erred in failing to find that the appellee's decision was unconstitutional lacks merit.  Therefore, we overrule Appellant's fourth assignment of error.

## CONCLUSION

{¶51} Having overruled appellant's four assignments of error, we affirm the trial court's judgment entry affirming appellee's termination of appellant's employment.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**